KLEIN, Appellant, vs. BEETEN and others, imp., Respondents.

*May 2—May 27, 1919.*

*Automobiles: Negligence: Burden of proof: Res ipsa loquitur: Evidence: Judicial notice: Admissions: Foundation: Witnesses: Impeachment: Cross-examination: Appeal: Harmless error.*

1. When both an apparatus and its operation are within defendant's control, and the accident is one which ordinarily could not happen except by reason either of a defect or negligent operation, a presumption of one or the other arises sufficient, from the happening of the accident, to justify a verdict against defendant.

VOL. 169—25

2. The court cannot take judicial notice that a blow-out of the front tire of an automobile running fifteen miles an hour could not cause the car to run into a ditch alongside the road.

3. It is the duty of plaintiff in a negligence case to affirmatively prove negligence.

4. Where an automobile running fifteen miles an hour on a smooth road suddenly swerved and ran into a ditch, and after the accident a blow-out in the front tire was found, the doctrine of *res ipsa loquitur* did not apply.

5. A question on cross-examination of a defendant whose automobile ran into a ditch, causing the death of one riding with him, "Isn't it a fact that you told V. and several others that you reached over to put up the wind-shield in order to protect the children as far as possible, and you were guiding the car with one hand, and in doing so you ran into the ditch?" was too indefinite for the purpose of impeachment, and an objection thereto was properly sustained.

6. Where the defendant in a negligence case makes admissions to third persons, they can be shown in evidence without laying a foundation in the nature of impeachment.

7. Sustaining an objection to a question asked for the purpose of impeaching defendant could not have been prejudicial where defendant had already denied the fact assumed in the question, and the question referred to admissions made to third persons, who testified in behalf of plaintiff without being questioned with reference to such admissions.

APPEAL from a judgment of the circuit court for Walworth county: GEORGE THOMPSON, Judge.    *Affirmed.*

This is an action brought to recover damages for the death of plaintiff's son, alleged to have been caused by the negligence of the defendants.    At the close of the testimony the court directed a verdict in favor of the defendants, and from the judgment entered thereon plaintiff appealed.

For the appellant there were briefs by *Michael Levin* and *Joseph G. Konop,* attorneys, and *Glicksman, Gold & Corrigan,* of counsel, all of Milwaukee, and oral argument by *Mr. Walter D. Corrigan* and *Mr. Levin.*

For the respondents there was a brief by *E. L. Von Suessmilch* and *Jeffris, Mouat, Oestreich & Avery,* all of Janesville, and oral argument by *Otto A. Oestreich.*

OWEN, J.   The defendants are copartners operating a meat market in the city of Sharon.   On the morning of August 10, 1916, the defendant *Iddo Beeten* delivered some meat at a farm house some distance from Sharon with a Ford automobile.   Plaintiff's son, Edward Klein, about fifteen years of age, asked and was permitted to ride with him on the trip.   While returning, and while on a perfectly smooth turnpike road, the width of the roadway being close to thirty feet, the automobile suddenly turned to the left, ran into the gutter, striking with the front wheels against the outside banks thereof, and causing the overturning of the automobile.   The boy was caught under the car and killed. The complaint alleges that

"said defendant so carelessly and negligently managed and operated said automobile, without maintaining the proper outlook and at an excessive rate of speed and so carelessly and negligently managed same as to lose control thereof and run into a ditch on the roadway where the said defendants were driving said automobile, causing said automobile to turn over, thereby throwing the said plaintiff's son in such a manner that the running board of said automobile fell on said plaintiff's son's neck, which caused the said plaintiff's son's death instantly."

There is no direct evidence in the case showing that the defendant *Iddo Beeten* was driving at a high or unlawful rate of speed or that he was guilty of other negligence.   The defendant *Beeten* was unable to give any explanation of the cause of the accident other than that the automobile suddenly sheered to the left and went into the gutter.   He could assign no reason for its so doing.   Something happened so suddenly that he did not know what it was.   The car was righted and run to town on its own power.   The fenders were bent and the wind-shield was broken.   The left-hand front tire was deflated.   Otherwise the car was in good condition.

The foregoing are about all the tangible facts disclosed by

the evidence.    Plaintiff claims that the doctrine of *res ipsa loquitur* is applicable to the situation and that the case should have been submitted to the jury.    This doctrine may be stated to be that when both the apparatus and the operation of it are within the control of the defendant, and the accident is one which ordinarily could not happen except by reason either of defect in the apparatus or negligence in the operation, a presumption of one or the other arises sufficient from the happening of the accident to justify a verdict against the defendant.    Liability in this case is not predicated upon any defect of the automobile.    Liability is predicated solely upon the negligent operation of the car.    The facts proved are, that an accident happened at a place where the road was smooth and in good order.    Plaintiff contends that proof of this fact raises an inference of negligence in the operation of the car.    When the car was righted, after the accident, the left-hand front tire was found to be deflated by reason of a blow-out of the inner tube.    It is not at all beyond the realm of possibility that the accident might have happened by reason of this blow-out.    It is claimed on the part of the plaintiff that a blow-out could not have caused the accident unless the car was going at an excessive rate of speed.    There is no proof of that fact in the record, and we cannot take judicial notice that a blow-out of the front tire of a Ford automobile running at fifteen miles an hour could not produce an accident such as this.    It is familiar knowledge that the blow-out of the front tire of an automobile is a dangerous occurrence, the degree of danger, of course, depending upon the rate of speed, and, we apprehend, somewhat upon the character of the car.    So we have here evidence showing simply an accident.    Granting that the accident might have been the result of negligent operation of the car, the evidence certainly discloses a possibility that the accident might have been the result of the blow-out.

In *Musbach v. Wis. C. Co.* 108 Wis. 57, 69, 84 N. W. 36, an explosion occurred injuring plaintiff, and the question was whether the explosion occurred by reason of a defect in

a gas pipe or by the negligence of a co-employee in permitting a slight flow of gasoline from a burner after it was extinguished.    There was evidence showing that it might have resulted from either.    The court said:

"But, conceding the possibility that either such defect or negligence of Wolf was the efficient cause, choice between them could only have been based upon conjecture or guess. There was absolutely no evidence even tending to prove that the gas which exploded came from the basement and not from Wolf's burner.    The submission to a jury of such choice has been universally condemned, and by no court more vigorously than by this."

This language is peculiarly applicable to the situation here presented.    The jury could have done no more than guess as to whether the accident was the result of careless and negligent operation of the car or of the blow-out.    Verdicts cannot rest upon guess or conjecture.    It is the duty of the plaintiff to prove negligence affirmatively, and while the inferences allowed by the rule or doctrine of *res ipsa loquitur* constitute such proof, it is only where the circumstances leave no room for a different presumption that the maxim applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails and it cannot be invoked.    *Quass v. Milwaukee G. L. Co.* 168 Wis. 575, 170 N. W. 942.

The plaintiff also sets up a cause of action based on the theory that the deceased boy was unlawfully employed in running errands for the defendants, and that he was so engaged at the time of the accident.    There is no proof whatever to the effect that he was in the employ of the defendants or engaged in rendering any service for them at the time, and the action cannot be sustained on that theory.

Appellant claims error because an objection was sustained to the following question propounded to the defendant *Beeten* upon cross-examination:

"*Q.* Isn't it a fact that you told Mr. Vierck, Mr. Young, and several others that you reached over to put up the wind-

shield in order to protect the children as far as possible, and you were guiding the car with one hand and in doing so you ran into the ditch?"

We do not appreciate the materiality of this question. If intended as a basis for impeachment it was unnecessary as well as too indefinite. If *Mr. Beeten* had made any admissions they could be shown without laying a foundation in the nature of impeachment. Besides, *Mr. Beeten* had just denied the fact assumed in the question. Mr. Vierck and Mr. Young both testified as witnesses in behalf of the plaintiff and they were not questioned with reference to any such admission on the part of *Mr. Beeten.* The rejection of the evidence could not have been prejudicial even if the ruling was erroneous.

*By the Court.*—Judgment affirmed.