LINDEN, Appellant, vs. MILLER, Respondent.

*May 7—June 1, 1920.*

*Automobiles: Res ipsa loquitur not applicable to "skidding" of automobile: Negligence: Unavoidable accident: Appeal: Submission of unnecessary question: Instructions: Harmless error.*

1. The skidding of an automobile does not necessarily imply negligence, so that the doctrine of *res ipsa loquitur* is not usually applicable to a collision resulting therefrom.

2. The submission to the jury of the question whether an automobile collision was an unavoidable accident was harmless, the jury not only having found that the accident was unavoidable but that defendant was not negligent in operating his machine.

3. An instruction defining "unavoidable accident" is *held* not to have been prejudicial to plaintiff, though erroneously limiting such an accident to one free from human agency, and though in the last sentence of the instruction the court inadvertently omitted the word "unavoidable" before the word "accident."

Linden v. Miller, 172 Wis. 20.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries sustained in an auto collision. January 1, 1917, at about 6 o'clock in the evening, plaintiff was riding in an automobile in a northwesterly direction on Prospect avenue and on the right-hand side thereof. The automobile was driven by her husband and was within a few feet of the east curb of the street when defendant's automobile, which was going in a southeasterly direction, skidded into plaintiff's and caused the injuries complained of. The alleged negligence of the defendant consisted in (1) driving at a rate of speed in excess of that permitted by law; (2) reckless operation of his car in view of the icy condition of the street; (3) driving to the left of the center of the street; (4) failing to have control of his machine; incompetency of the driver; and (6) failure to have the machine equipped with chains or other devices for controlling the same. The jury found (1) the defendant did not fail to exercise ordinary care in operating his automobile at or immediately prior to the happening of the collision; (3) the collision was due to an unavoidable accident; and (4) damages in the sum of $600. From a judgment in favor of defendant upon the special verdict the plaintiff appealed.

*George A. Affeldt,* attorney, and *Christian Doerfler,* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Nathan Glicksman.*

VINJE, J. It appears from the evidence that defendant's car, a Super Six Hudson weighing about 3,500 pounds, was. driven at a rate of from ten to fifteen miles an hour at the time it began to skid. Defendant's wife occupied the front seat with him. The rear seat was empty. When an icy spot was reached the rear end of the car began to slue to

the west and defendant in vain tried to turn the front end to the west. The result was that almost immediately his car skidded diagonally across the street, and, though he finally applied the brakes hard, he struck plaintiff's car with quite a crash, inflicting the injuries complained of.

Plaintiff argues that it was error to submit the third question as to whether the collision was due to an unavoidable accident, because there is absolutely no evidence in the case upon which a finding of unavoidable accident could be based. If it be true, as the defendant claims it was, that he was driving along near the center of the street at a moderate rate of speed when his car began to skid and that by the exercise of ordinary care he was unable to control it until it struck plaintiff's car, then the jury might well find that it was an unavoidable accident. Skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. It means partial or complete loss of control of the car under circumstances not necessarily implying negligence. Hence plaintiff's claim that the doctrine of *res ipsa loquitur* applies to the present situation is not well founded. In order to make the doctrine of *res ipsa loquitur* apply it must be held that skidding itself implies negligence. This it does not do. It is a well known physical fact that cars may skid on greasy or slippery roads without fault either on account of the manner of handling the car or on account of its being there. No negligence as a matter of law can be charged to the fact that defendant ran his car on Prospect avenue that day on a snowy and slippery roadway. Plaintiff also ran her car there, and she avers, and it is admitted, she was not negligent. Other cars were being run there that day, and it is a matter of common knowledge that cars are run all winter and in practically all kinds of weather upon city streets. So the jury were warranted in finding no negligence because of using the street under the circumstances. As a rule, in auto collisions the direct cause of the accident and the con-

trolling circumstances attendant thereon are usually not so within the control of a driver as to raise a presumption of negligence on his part. In other words, the doctrine of *res ipsa loquitur* does not usually apply to such accidents. *Klein v. Beeten,* 169 Wis. 385, 172 N. W. 736; *Williams v. Holbrook,* 216 Mass. 239, 103 N. E. 633. See valuable note to former case in 5 A. L. R. 1240, upon the subject of *res ipsa loquitur* as applied to automobile accidents, where the cases are collected and the rule as stated sustained by them.

It is next urged that the court erred in submitting the third question to the jury, as to whether the collision was due to an unavoidable accident, and that it also erred in instructing the jury relative thereto as follows:

"An unavoidable accident is defined to be an event happening unexpectedly from the uncontrollable operations of nature, without human agency. It is further defined and means an event that takes place without any one's foresight or expectation; an event from an unknown cause or an unusual or unexpected event from a known cause; a chance, or casualty; anything occurring unexpectedly or without known or assignable cause, or an event occurring without negligence. Whether an accident occurred does not depend on the exercise of reasonable care, nor is it prevented by the exercise of reasonable care."

It is true that the third question was not necessary for the determination of any issue raised by the pleadings or the evidence, but it no doubt appeared to the trial court when the evidence was all in that it presented a case where the jury might well come to the conclusion that the collision occurred without fault of either party, in which event it would be an unavoidable accident. The jury's answers to questions 1 and 3 are consistent, and we cannot perceive how they were misled by finding the same fact twice. At least it does not seem to us that plaintiff can complain of the fact that the jury were twice called upon to negative defendant's negligence in different ways. There was no claim of contributory negligence, hence a negative answer to question

3 would have contradicted the negative answer to question 1. So no error prejudicial to plaintiff resulted from the submission of the question.

We also regard the instruction complained of as more favorable to the plaintiff than to the defendant because it erroneously limits an unavoidable accident to one free from human agency. It need not be. Non-negligible human agency may give rise to an unavoidable accident. In the last sentence of the question the court no doubt inadvertently left out the word *unavoidable* before the word *accident,* and the jury must have understood that the court there also meant an unavoidable accident. That was the subject matter of the question and of the instruction and the jury must have so understood it. Thus construed we see no error prejudicial to plaintiff in the instruction, nor do we regard the verdict as perverse.

*By the Court.*—Judgment affirmed.