WILLIAMS, Respondent, vs. WILLIAMS, Appellant.

*December 8, 1932—January 10, 1933.*

For the appellant there was a brief by *Lockney & Lowry* of Waukesha, and oral argument by *Henry Lockney*.

For the respondent there was a brief by *Young & Volk* of Waukesha, and oral argument by *Allen D. Young*.

FOWLER, J.   The appellant assigns as error (1) that a verdict should have been directed because the defendant as matter of law was not negligent; (2) because the plaintiff was guilty of contributory negligence as matter of law; (3) that the form of the special verdict is insufficient and questions requested by the appellant should have been submitted; (4) that improper testimony was received; (5) that instructions were erroneous; (6) that the court should have further reduced the damages; and (7) that a new trial should have been granted by reason of facts brought to the attention of the court by affidavit after return of the verdict.

(1) In *Crombie v. Powers,* 200 Wis. 299, 227 N. W. 278, the defendant stopped her car for the plaintiff, a guest riding in the back seat, to alight.   The car door opened towards the back.   As the guest stood beside the car on alighting the

defendant started her car and the door caught the guest, throwing her forward and injuring her. At page 302 of the opinion the court states:

"The jury may well have thought that the defendant was not negligent because she had given the plaintiff a reasonable opportunity to alight and clear herself from the car."

From the statement quoted it is a necessary inference that a driver is negligent if in stopping his car for a guest to alight he does not give the guest reasonable opportunity to get clear of the car before starting it if under the circumstances starting it is likely to cause injury to the guest. Upon like reason is a host negligent if by reason of his manner of starting his car he is likely to cause injury to a guest who has just alighted and has not been given reasonable opportunity to get into a position of safety.

We are of opinion that the jury was warranted in inferring negligence of the defendant under this rule. They might properly consider that the defendant ought to have foreseen that starting the car as he did was likely to cause the wheels to spin and skid towards the plaintiff and in not noticing that the plaintiff was so close to the car that she was likely to be struck by its skidding. The defendant testified: "I didn't stop to think. The sidewalk sloped a little and I have noticed that it does skid. It has done it before." The defendant's manner of starting the car appears from the plaintiff's testimony stated below.

(2) We are also of opinion that the finding that the plaintiff was not negligent must be sustained. The plaintiff testified:

"I opened the car door and stepped out and assisted my child out. I stepped in the snow on the sidewalk to the north of us. The snow was nearly knee deep. I was facing south. He reached over, slammed the door shut and stepped on the gas and started away. I attempted to step back and push

Patricia back at the same time. Before I could put my foot back I was struck down. I was struck on the left knee."

She also testified that the engine was "racing," and that the car skidded.

It is claimed that the plaintiff assumed the risk of injury because she knew her husband's habits of driving. But the accident did not occur while she was riding, and there is no evidence that the defendant had a habit of starting his car by racing his engine or without giving one alighting time to get clear.

(3) The questions submitted to the jury were: (a) Was defendant negligent in operating his automobile at the time of the accident? (b) If yes, Did the negligence cause the plaintiff's injuries? (c) Was the plaintiff negligent in standing where she was struck? (d) If yes, Was her negligence a cause of her injuries? (e) What sum will reasonably compensate the plaintiff?

The defendant requested questions covering three full pages of the printed case. Those directed to defendant's negligence were: Did defendant fail to exercise such care as the great mass of mankind ordinarily exercise under the same or similar circumstances not to increase the danger which the plaintiff assumed on entering the car or to create a new danger in respect to operations of the car? This was followed by questions as to natural and probable result and reasonable anticipation patterned after questions proposed in *Berrafato v. Exner,* 194 Wis. 149, 216 N. W. 165. It is to be noted that the first question does not direct attention to the crucial fact of the case, which is the manner of starting the car.

The requested questions as to plaintiff's negligence were: Did she fail to exercise such care as the great mass of mankind ordinarily exercise when acting under the same or similar circumstances—(a) in respect to cautioning defendant,

and (b) in acquiescing in the defendant's manner of driving? These did not fit the situation, as the defendant's manner of driving before the car had stopped had nothing to do with the injury. And the crucial question respecting plaintiff's negligence was not failure to caution but failure to get out of danger timely. Counsel manifestly attempted to frame the questions after the pattern set in *Berrafato v. Exner, supra.* Questions when properly so framed properly present the issues. But there is ordinarily more than one way in which to present the issues of a case for determination, and trial judges are permitted to submit them in such way as they deem fit, provided they submit them properly, and the simpler and more direct the submission is the better it is. Here the crucial facts were too simple to require any long, involved, and cumbersome questions, and we consider that the questions here used succinctly and properly submitted the ultimate issues of fact.

(4) The testimony objected to was by an automobile mechanic to the effect that spinning wheels on ice or snow will cause a car to skid one way or the other. He testified that he had driven cars and knew how they acted in winter, and that spinning the wheels on snow or ice will cause the wheels to skid one way or the other. That this is the fact every experienced driver knows. If it is a matter of common knowledge introduction of the testimony is harmless; if it is not, introduction of it was proper.

(5) The instruction complained of as erroneous was to the effect that if the jury found that an operation on plaintiff's knee would be necessary they should consider "what the reasonable cost would be to her." This was erroneous because the expense would not fall upon her but on her husband. The court, however, took off $1,000 from the verdict and this doubtless overcame the effect of the erroneous instruction.

(6) It is claimed that the court did not sufficiently reduce the damages. No option was given, but a flat reduction of $1,000 was made. The respondent accepts the court's ruling. The appellant does not object to the form of the order reducing the damages but claims that the judge did not reduce them enough. In absence of objection to the manner in which the reduction was made, we consider that the order should not be disturbed, as had the matter been called to the attention of the trial judge he might have cured the error. While the allowance made by the court is liberal, we consider that it is not beyond the bounds of propriety.

(7) It is claimed that the court should have granted a new trial because on the motion therefor it was shown that the parties made statements to an investigator for defendant's insurance carrier inconsistent with their testimony given upon the trial. These statements were not offered in evidence or referred to upon the trial. The statements were not in the nature of newly-discovered evidence, as the insurance carrier had them in its possession and it was conducting the defense; and if they were, lack of diligence in presenting them on the trial would prevent them from operating as ground for a new trial.

*By the Court.*—The judgment of the county court is affirmed.