MALTBY and another, Plaintiffs and Respondents, vs. THIEL and another, Defendants and Appellants: MAFIT and another, Defendants and Respondents.

*April 8—April 27, 1937.*

For the appellants there was a brief by *Rouiller, Dougherty, Arnold & Kivett* of Milwaukee, and oral argument by *A. W. Kivett.*

For the respondents Maltby the cause was submitted on the brief of *Helmuth F. Arps* of Chilton.

For the respondents T. R. Mafit and the Preferred Automobile Insurance Company there was a brief by *Fox & Fox* of Chilton.

FOWLER, J.   The defendants Mafit and his insurer have not appealed, and have raised no issue as to the plaintiff's judgment against them.   The plaintiffs are content with their judgment against Mafit and his insurer, and are not contesting the appellants' claims.   Thus the only issues are between the defendants Thiel and Mafit and their respective insurers.   These issues are whether on the preceding statement of facts the trial judge was justified, (1) in changing the finding of the jury that Thiel was negligent as to control of his car (b) and as to being on the wrong side of the road (c) ; (2) whether, on those facts, the trial judge was justified in changing the finding of the jury as to Mrs. Maltby's assumption of risk; and (3) whether on those facts the trial judge should not have also changed finding (a) of the jury as to Thiel's lookout.

(1) (b) The appellants claim that the evidence does not show that Thiel did anything to cause loss of control of the car in the first instance, and that there was nothing that he could do to gain control of it after he lost control.   The respondents do not suggest anything he did that caused Thiel to start the car to skidding, or anything that he should or could have done to stop its skidding and sliding after it started to skid.   They stand upon the established rule that findings of a jury cannot be changed by the court if there is any credible evidence to support them.   If they could perceive any act of Thiel that caused his loss of control, or his omission of any act that would have enabled him to regain control, they would doubtless have pointed out such act or omission.   We cannot perceive any such act or omission.

The skidding and sliding are not shown to have resulted from circumstances within his control. We must hold that the finding of the jury that Thiel was negligent respecting control of the car is without support in the evidence, and the action of the trial judge in changing it is sustained.

(c) It is manifest that Thiel's car was on his wrong side of the road as Mafit approached and ran into it. But this of itself does not spell negligence of Thiel in getting it there. We can only repeat here what we have said under (b). The respondents point out nothing that Thiel did to cause his car to get on the wrong side of the road, and nothing that he could have done to get it back on the right side. Nor do we perceive anything that he did to cause the one or that he could have done to accomplish the other. The only suggestion of the respondents upon this point is that Mrs. Thiel who sat on the front seat of the car with her husband said, in substance, as the car was across the road sliding down: "You will have to get over on the other side of the road or he will hit us." This was manifestly true, but it does not indicate that Thiel could do anything to get back or did anything to cause it to get where it was. Mafit was so near when Thiel's car stopped that there was no time for Thiel to start his motor after the car stopped, and he was without means of getting out of Mafit's way.

(2) The appellants assign no error in the trial court's ruling as matter of law that Mrs. Maltby did not assume the risk of injury. Error in this respect, if there was any, was in favor of the respondent defendants, so far as it bears on their right of contribution against Thiel. For if Mrs. Maltby assumed the risk there could be no judgment in her favor against Thiel, and hence no judgment for contribution. However, it is manifest that if Thiel was not negligent as to (b) and (c) above there was no risk to assume in connection with them. And if Thiel was negligent as to

lookout, lookout is a momentary matter as to which there can be no assumption of risk. *Poneitowcki v. Harres,* 200 Wis. 504, 228 N. W. 126.

(3) We are of opinion that the trial judge should have changed the finding of the jury that Thiel was negligent as to lookout. Thiel testified that he saw the lights of Mafit's car as they shone past the point of the turn in the road and before the car itself came in view. Every occupant of Thiel's car, and there were four besides Thiel, noticed the lights of Mafit's car. The remark of Mrs. Thiel as the car was sliding down the hill shows that she saw the approaching car or its lights. What everyone else in Thiel's car saw there is no reason to believe Thiel did not see, in view of his testimony that he did see. There is no evidence to the contrary. Besides it is manifest that negligence of Thiel as to lookout, if there was any, was not causal, as Thiel could do nothing to avoid the collision after he lost control of his car.

From the above it follows that the plaintiffs were not entitled to judgment against Thiel and his insurer and the judgment so far as it awards recovery from them and for contribution must be reversed.

*By the Court.*—The judgment of the circuit court so far as it awards recovery from the appellants and contribution in favor of the defendant respondents is reversed, with directions to dismiss the complaint and the cross complaints against the appellants on the merits. The costs of the appellants will be taxed against the defendant respondents only.