Kempfer, Respondent, vs. Bois, Appellant.

*June 9—July 12, 1949.*

For the appellant there was a brief by *Dakin & Dierker* of Watertown, and oral argument by *H. M. Dakin.*

For the respondent there was a brief by *Beggan & Kolberg,* attorneys, and *Charles E. Kading* of counsel, all of Water-

town, and oral argument by *Mr. Kading* and *Mr. K. W. Kolberg.*

ROSENBERRY, C. J.  Whether the defendant had her car under control is clearly a jury question.  She testified that her car was under control until it struck the ice.  We find nothing to contradict her testimony.  It is considered that the trial court was in error in changing the answer to questions 1 (a) and 2 (a).

On this appeal it was argued on behalf of the defendant that the jury having found the defendant not causally negligent with respect to control, lookout, and speed, there was no showing of negligence because the defendant was on the wrong side of the road.  That the burden of proof was upon the plaintiff to show that the fact that the defendant's car was on the wrong side of the road was due to some negligent act of the defendant.  This contention cannot be sustained.  The undisputed fact that the defendant's car was on the wrong side of the road established a *prima facie* case of negligence on the part of the defendant.  The defendant then had the burden of producing evidence which would overcome the inference of negligence arising from the fact that the defendant's car was on the wrong side of the highway.

In *Hamilton v. Reinemann* (1940), 233 Wis. 572, 290 N. W. 194, it was held that the mere operation of a motor vehicle on the wrong side of the highway makes at least a *prima facie* case of negligence and is enough, in the absence of an explanation which the jury is bound to accept, to warrant an inference of negligence on the part of its operator, and this is not a mere legal presumption of negligence but a genuine inference of fact.  See *Zeinemann v. Gasser* (1947), 251 Wis. 238, 29 N. W. (2d) 49.

The case of *Seligman v. Hammond* (1931), 205 Wis. 199, 236 N. W. 115, so far as it is in conflict with the decision in this case and in *Hamilton v. Reinemann, supra,* is overruled.

As already pointed out, the plaintiff testified that when he first saw the defendant's car it was coming over the knoll in the middle of the road.

On that point the defendant testified:

"My rear wheels were on the top [of the incline] when the car skidded. The back of the wheels started to go to the left and naturally I turned my front wheels to the left to try to put the car back in the right place and it kept going to the left. . . . What I mean, 'let it go,' I turned my wheels the same way as the back end went and didn't know what to do. I did not get my car straightened out. I never got my wheels to the right. I did not apply the brakes. . . . There was no ice on the south side of the second knoll or rise. It was entirely clear there."

The only conflict in the evidence relates to the position of the defendant's car as she came over the top of the rise. The jury resolved this conflict by finding that defendant was negligent as regards the right of way. If, as the jury found, the defendant was already over the center line when the car commenced to skid, then the defendant cannot excuse herself by showing that she had her car under control, kept proper lookout, and was not negligent as to speed, because the jury found that her negligence as to right of way was a cause of the injuries sustained by the plaintiff. Sec. 85.15, Stats. 1947, provides that "the operator of a vehicle shall operate the same upon the right half of the roadway." No exceptions apply under the circumstances of this case. When the defendant drove her car in the middle of the highway she was guilty of negligence and liable for the consequences of her act.

*By the Court.*—Judgment affirmed.