CHURCHILL, Appellant, vs. BROCK and another, Respondents.*

*April 1—May 5, 1953.*

* Motion for rehearing denied, with $25 costs, on July 3, 1953.

For the appellant there was a brief by *Rubin & Ruppa,* attorneys, and *Nathan Ruppa* and *William B. Rubin* of counsel, all of Milwaukee, and oral argument by *Nathan Ruppa* and *William B. Rubin.*

For the respondents there was a brief by *Kivett & Kasdorf,* attorneys, and *Austin W. Kivett* of counsel, all of Milwaukee, and oral argument by *Austin W. Kivett.*

FAIRCHILD, J.  The only serious dispute as to the facts in this action is with relation to the manner in which the defendant's car left the traveled portion of the highway and came in contact with the plaintiff as she stood on the sidewalk on the west side of Fond du Lac avenue. North avenue, a paved street, extends in an easterly-westerly direction. West

Fond du Lac avenue crosses North avenue in a northwesterly and southeasterly direction, and Twenty-first street also crosses North avenue in a more northerly and southerly direction. There is a double track of streetcar rails along West Fond du Lac avenue. The space between the rails and approximately 18 inches on either side of the rails was paved with cobblestones. At the time of the occurrence, about 8:30 a. m., October 7, 1949, a drizzling rain was falling. The defendant approached North avenue with the intention of turning to the left, but, after giving a signal, he failed to make the proper turn, and the traffic officer, standing about a foot west of the westernmost car rail and about in the center of North avenue, directed him to turn back and continue on Fond du Lac avenue. In compliance with the police officer's direction, the defendant turned his automobile to the right so as to return to his northwest course on Fond du Lac avenue. He made the turn. When his automobile reached the point where the cobblestone area and the southbound streetcar tracks were, and near the crosswalk, his car skidded. The rear wheels were in the southbound car tracks, and the front wheels were near the northbound tracks. From that time defendant was unable to control his car. At this point the serious dispute over the facts occurs with relation to space and time of the skidding.

Plaintiff urges in support of her claim that the circumstances bring the case under the doctrine of *res ipsa loquitur,* and that the burden was on defendant to repel the presumption of negligence. This was because, as she urges, the course of the automobile was "unusual, erratic, and unnecessary." There is no doubt about the skidding movement of the automobile, but the question, after all, is: Was that course the result of an unavoidable accident due to skidding, or was it due to the negligence of the defendant? There is testimony offered by the plaintiff that the space covered by the car in its skidding was something in the neighborhood of 130 feet

northwesterly and across a safety island on the westerly side of Fond du Lac avenue, and from there onto the sidewalk near the fourth window of the Sears Roebuck store.

The evidence by the defendant is that the car in the skidding did not travel to exceed 50 to 55 feet from the time it started skidding until it crossed to the westerly side of Fond du Lac avenue over the safety island and up onto the sidewalk near the second window of the Sears Roebuck store.

Skidding may occur without fault, and when it does occur it may likewise continue without fault for a considerable space and time. *Linden v. Miller,* 172 Wis. 20, 177 N. W. 909.

As defendant approached the spot where the skidding started, he was doing that which he had a right to do. In fact, he was getting into a line of traffic to which he was directed by the police officer. It is true he had attempted improperly to make a left turn into North avenue, but the skidding began after he had turned his car in the proper direction for the purpose of continuing on Fond du Lac avenue. He moved steadily a few feet until near the crosswalk. It is not clear from the testimony whether the skidding started as a result of one or more of the tires slipping on the wet and slippery streetcar rail, or rails, or whether such skidding was greatly augmented thereby. In any event, such slippery rails were a substantial factor in causing the car to skid the distance that it did, making the control temporarily difficult and eventually impossible. The force of skidding there intervened and took the management of the car out of the control of the defendant. According to the defendant, the force of the impact resulting from the front wheels striking and passing over the safety island threw his foot off the brake so that the unbraked power of the motor then carried the car up over the curb and across the sidewalk. The evidence accepted by the jury as correctly describing the incident warrants the finding that the defendant was not negligent in the manner in which he operated his automobile with

respect to management and control. In his discussion on motions after verdict, the learned trial court ruled:

"The question of the negligence of the defendant Stanley C. Brock was clearly for the jury. The rule of *res ipsa loquitur* does not apply."

And with respect to material facts the court further said:

"There is a rather great disparity in the distance that the defendant Brock's automobile traveled after it started to skid, . . . Obviously the jury determined to place credence in the proof offered by the defendant Brock in this regard."

The police officer testified that at the time there was a drizzling rain, that Fond du Lac avenue is approximately 38 to 40 feet wide; there were streetcar tracks, two sets, one on each side of the street. The pavement and stones were wet. From the appendix we quote: "After I signaled him to continue on Fond du Lac avenue, he turned his wheel to the right to continue up Fond du Lac and skidded. . . . At the beginning of the skid the car was on the cobblestones. The car went over the safety island located on the west side of the center of Fond du Lac avenue. . . ." The officer saw the car go up on the sidewalk, and he testified that the car was skidding at the time, and that the total distance of the entire skid "from the point at which the car started to skid to the point of impact, I would estimate the distance to be possibly 50 to 55 feet. The cobblestone area is about 14 feet wide. I don't know whether the entire car was on the cobblestone area or merely the front or rear wheels at the time it went into a skid. . . . After the car left the cobblestone area it went almost straight over. It took a straight west course. The bumper went over the lower ledge of the window that held the plate glass."

There are other questions raised with reference to the question of the form of the verdict and as to instructions. We find no prejudicial error was committed, and it is con-

sidered that the facts warrant the ruling of the court below dismissing the plaintiff's complaint. There was no inference or presumption of negligence for the defendant to overcome under the doctrine as set forth in the case of *Linden v. Miller, supra,* and *Klein v. Beeten,* 169 Wis. 385, 172 N. W. 736, which controls here. See also *Williams v. Holbrook,* 216 Mass. 239, 103 N. E. 633. In the latter case it was said (p. 242):

"The evidence for the plaintiff showed, that even with the brakes set, and the steering gear under full control the car would continue to move irregularly solely because of the position in which it had been placed. It follows that the mere skidding of the car was not an occurrence of such uncommon or unusual character, that, unexplained, the jury could say it furnished evidence of the defendant's negligence."

Skidding in itself is not an unusual occurrence, and the defendant, under such circumstances as exist here, does not have the burden of refuting the inference of negligence. The car came up on the sidewalk because of the skidding, and plaintiff's claim that the doctrine of *res ipsa loquitur* applies is not well founded. Skidding, as has been said, is a well-known physical fact resulting under certain conditions such as existed here. 1 Blashfield, Cyclopedia of Automobile Law and Practice (perm. ed. pt. 2), p. 518, sec. 653; 2A Id., p. 229, sec. 1344.

Among the cases relied upon in the argument by the plaintiff is *Wisconsin Telephone Co. v. Matson,* 256 Wis. 304, 41 N. W. (2d) 268. The circumstances distinguish the case from the one now before us. In that case the accident was one which in the ordinary course of things does not happen and if those who had the management had used proper care would not have happened. And there being reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care on the part of the defendant's driver, the thing itself—the res—spoke, and the defend-

ant did not explain.. In the case at bar the explanation was made, and the doctrine of *res ipsa loquitur* is not applicable.·

*By the Court.*—Judgment affirmed.

BROADFOOT, J. (*dissenting*). I agree with the majority that the skidding of a car is not in itself evidence of negligence, but that is true only when the skidding is considered as an isolated factor unrelated to the conduct of the driver. If a prior careless act causes a car to skid and thus results in injury to another, the driver must be held to be causally negligent.

The mere operation of a motor vehicle on the wrong side of a highway makes at least a *primâ facie* case of negligence and is enough, in the absence of an explanation which the jury is bound to accept, to warrant an inference of negligence on the part of its operator. *Hamilton v. Reinemann,* 233 Wis. 572, 290 N. W. 194; *Kempfer v. Bois,* 255 Wis. 312, 38 N. W. (2d) 483.

In this case Brock was not only on the wrong side of the street, but to reach there he hurdled a safety island 5 feet wide and 6 or 7 inches high, crossed 12½ feet of street, mounted a curb 9 inches high, and passed over a sidewalk 7½ feet wide to a point at which he struck a pedestrian. Here the driver attempted to make an improper left turn. He testified that when he had "50 per cent completed" his turn into North avenue the officer directed him to continue on Fond du Lac avenue. He turned to his right to comply with the officer's command and, after he turned, his car started to skid toward the other side of the street and he "couldn't get it back even."

The officer testified that when he signaled Brock to continue on Fond du Lac avenue Brock turned his wheel to the right, started to skid, and skidded at all times thereafter. The skidding commenced when the driver was in the act of directing his car from a position upon the street at which

he had no right to be because of his violation of a traffic rule. It was his violation of this rule which set in motion the circumstances which caused the car to skid. His only explanation of the circumstances was that the cobblestones, with which a portion of the street was paved, were wet because of rain. The record shows these cobblestones to be 5 by 6 by 10 inches in size and, although the tops were somewhat smooth, as a whole the cobblestones presented a bumpy, rough surface. The record shows that his speed was 10 miles per hour. He testified that his wheels were straight when he struck the safety island and the sidewalk. There was no longer any skidding.

I realize that in reviewing the record we are bound to accept the testimony most favorable to Brock. The majority speak of the 50 to 55 feet that he skidded. This is taken from the testimony of Officer Freund, which was supplied by means of a deposition taken in California more than a year after he had last seen the street in question, and he was testifying from recollection only and not from any measurements. He testified that he based his estimate upon his recollection that the street was 38 to 40 feet wide, when actually it was more than 50 feet in width.

Brock has not given a satisfactory explanation of his presence upon the sidewalk a substantial distance from where he should have been. On the contrary, his testimony and that of the traffic officer show facts and circumstances which establish that his negligent acts were a substantial factor in bringing about plaintiff's injuries. His is not an explanation, as was said in *Kempfer v. Bois, supra,* "which the jury is bound to accept."

No attack is made upon the jury's assessment of damages. I would reverse with directions that judgment be entered in favor of the plaintiff in the amount found by the jury. The

least that should be done under the circumstances is to grant a new trial in the interest of justice.

I am authorized to state that Mr. Chief Justice FRITZ and Mr. Justice GEHL join in this dissent.