COENEN, by Guardian *ad litem,* and another, Appellants, vs. VAN HANDEL and another, Respondents.

*January 12—February 8, 1955.*

**8**

For the appellants there was a brief by *Van Hoof & Van Hoof* of Little Chute, and oral argument by *Gerald H. Van Hoof*.

For the respondents there was a brief by *Benton, Bosser, Fulton, Menn & Nehs* of Appleton, and oral argument by *David L. Fulton*.

GEHL, J.  Defendants contend that to entitle plaintiffs to recover they must show more than the mere fact of skidding; that they have failed to produce evidence of a wrongful act or omission on the part of defendant driver which caused the accident, and that therefore the trial court properly ignored the jury's finding.  They cite *Linden v. Miller,* 172 Wis. 20, 177 N. W. 909; *Wobosel v. Lee,* 209 Wis. 51, 243 N. W. 425; *Maltby v. Thiel,* 224 Wis. 648, 272 N. W. 848, and *Churchill v. Brock,* 264 Wis. 23, 58 N. W. (2d) 290, as authority for their contention.  Out of these cases must be read the rule that skidding may occur without fault, and that the mere fact of its occurrence will not support a finding or inference of negligence.  If, on the other hand, the skidding be caused by a negligent act or omission on the part of the driver, or if such act or omission is a factor contributing to the result, a finding of negligence will be sustained.  *Van Matre v. Milwaukee E. R. & T. Co.* 268 Wis. 399, 67 N. W. (2d) 831.

Defendant Van Handel testified that at the time of the accident he was attempting to get his car into overdrive; that to accomplish that result it was necessary to release the pressure upon the foot throttle.  He does not know whether

the overdrive "went in" or not; the car started skidding after he "left up on the foot feed;" he does not know whether when he did so the wheels started to spin; he does know that the car slid and that the skid started while he was trying to get into overdrive.

The plaintiff guest testified that he was sitting in the front seat of the car at an angle toward the driver; that the speed of the automobile was between 20 and 25 miles per hour; that he had no reason to complain of the manner of defendant's driving; that he saw defendant's right leg move up and down on the foot feed two or three times, and all of a sudden the car went into a skid and hit the telephone post. He was asked "How do you know the car went into a skid?" He answered, "You could feel it in the motion of the car. All of a sudden she started swinging—sliding." He was unable to tell whether the car had gotten into overdrive.

Defendants contend that because of the lack of testimony that the speed of the car was increased, that there was any attempt to increase it, that the wheels spun, there is nothing to support a finding of negligence. They insist that whatever the driver was doing was done in an effort to put his car into overdrive, and that because the record fails to disclose what an overdrive is, how it works, and what effect its management or attempt to engage it may have on the movement of the car, the trial court properly concluded that the issue of defendant driver's negligence should not have been submitted to the jury.

We agree with counsel that for lack of testimony regarding the operation of overdrive or the attempt to engage it, we must consider the case as though no reference had been made to it. In any event we may not assume that the attempt to get the gear into overdrive caused the automobile to skid. The jury had no better right to make such assumption. They had the right to conclude, however, from the guest's testi-

mony that the driver "pumped" the foot accelerator two or three times immediately before the skid. We must in these times, when nearly everyone of sufficient physical ability drives an automobile, assume that it is a matter of general knowledge and that the members of the jury know that to "pump" the accelerator of an automobile when driving on an icy road is dangerous and likely to cause a skidding of the wheels of the car and possible injury to its occupants.

" 'Of course, jurors are not restricted to a consideration of the facts directly proven, but may give effect to such inference as reasonably may be drawn from them. Nor are they expected to lay aside matters of common knowledge or their own observation and experience of the affairs of life, but, on the contrary, to apply them to the evidence or facts in hand, to the end that their action may be intelligent and their conclusions correct.' *De Keuster v. Green Bay & W. R. Co.* (1953), 264 Wis. 476, 479, 59 N. W. (2d) 452." Cited with approval in *McCarty v. Weber,* 265 Wis. 70, 72, 60 N. W. (2d) 716.

We have refused to disturb a jury's finding of negligence where a driver on icy pavement disengaged his motor by depressing his clutch and the car skidded to the wrong side of the highway into a collision, *Zeinemann v. Gasser,* 251 Wis. 238, 29 N. W. (2d) 49, and where a driver raced his engine while on smooth ice and the car skidded into and caused injury to one standing near it. *Williams v. Williams,* 210 Wis. 304, 246 N. W. 322. It is no less logical to concede to the jury the right to determine that to "pump" an accelerator when operating an automobile upon an icy street is likely to cause skidding and is therefore a negligent act.

A driver cannot successfully defend against a charge of negligence merely by showing that his automobile was temporarily out of his control due to its skidding if the skidding was the result of his negligence. It is necessary to consider the circumstances and acts preceding the skidding and how

they may have affected the movement of the car to determine whether or not the driver was negligent. The findings of the jury should not have been disturbed.

The trial judge was of the opinion that the award of $5,000 for Wilfrid's personal injuries was excessive. Since he had concluded that the complaint should be dismissed there was, of course, no occasion for him to consider or act upon the award. Nevertheless, an order was entered providing that if the judgment be reversed upon appeal and plaintiffs be permitted to recover, defendants have the option to pay $3,500 for Wilfrid's personal injuries or submit to a new trial on the question of damages only. The order must be treated as imposing a condition upon the judgment. If it were permitted to stand, the judgment would not constitute a final determination of the rights of the parties. It would be a proposed judgment and would contemplate the entry of an amended one conditioned upon defendant's act or failure to act, and also upon the action of this court. The court was without power to so adjudge. The order is a nullity and we have no power to inject life into it.

"In an ordinary action at law, the court cannot render a conditional judgment." 1 Black, Judgments (2d ed.), p. 173, sec. 119.

In actions at law judgments "cannot rest upon what may or may not occur after their rendition. They take their validity from the action of the court and not from what persons may or may not do after the court has rendered them." 1 Freeman, Judgments (5th ed.), p. 136, sec. 79.

We are of the opinion, as was the trial judge, that the award is excessive. We should not, however, make the original determination as to what is to be done with respect to it. Since the trial judge has already expressed himself upon the subject it may appear to be without purpose to return the matter for consideration by the court. We believe, however,

that in the interest of regularity of procedure it must be done. The cause should be remanded for such action upon the award as the court may conclude to be authorized and proper.

*By the Court.*—Judgment and order reversed. Cause remanded for further proceedings in accordance with this opinion.