Bush, Administrator, Respondent, vs. Hadley and another, Appellants.

*February 8—March 8, 1955.*

162

For the appellants there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondent there was a brief by *Weisman & Weisman* of Racine, and oral argument by *Jacob M. Weisman.*

BROADFOOT, J. It is clear that the case was tried under a misconception as to the law. Sub. (1) of sec. 85.15, Stats., reads as follows:

"(1) *Operate on the right side of highway.* Upon all highways of sufficient width, except upon one-way highways, the operator of a vehicle shall operate the same upon the right half of the roadway and shall operate a slow-moving vehicle as closely as practical to the right-hand edge or curb of the roadway, unless it is impractical to travel on such side of the roadway and unless overtaking and passing another vehicle subject to the limitations applicable to overtaking and passing as set forth in this chapter except as provided in subsection (12) of section 85.18. The foregoing provisions of this subsection shall not be deemed to prevent the marking of lanes for traffic upon any roadway and the allocation of designated lanes to traffic moving in a particular direction or at designated speeds."

We can find no Wisconsin statute dealing with three-lane highways. 2 Blashfield, Cyclopedia of Automobile Law and Practice (perm. ed.), p. 45, sec. 891, states:

"Although a motorist may have a right to drive in the middle of the road in those jurisdictions which have no statute to the contrary, it is uniformly held that there is a duty to turn to the right and not to pursue his course in the middle of the road when meeting a vehicle approaching from

the opposite direction, even though there may be room for the approaching vehicle to pass without collision."

In the same volume of said Cyclopedia, at page 59, sec. 894, it is stated:

"The rule that a motorist must keep to the right applies to multiple as well as two-lane highways."

Illustrative cases thereunder are *Alva West & Co. v. Corwin,* 273 Ky. 557, 117 S. W. (2d) 192; and *Wells v. O'Keefe,* 91 N. H. 299, 18 Atl. (2d) 836. Those two cases involved three-lane highways and in each case it was held that unless the highways were otherwise marked each driver should keep to the right of the center lane of the highway.

It is probably unnecessary to search for decisions in other jurisdictions, as our own statute is clear and unambiguous. In this case there was a 30-foot roadway. So far as the record is concerned the lanes were not designated for traffic moving in a particular direction or at designated speeds. Therefore Hadley, after overtaking and passing the car, should have returned to the east 15 feet of the highway and he should have left the west 15 feet for Bush.

The questions in the special verdict were limited to the westerly two lanes of travel and the court instructed the jury that the statute, as applied to the case before them, meant that each driver was to drive on the right-hand side of the two westerly lanes. The form of the verdict and the instructions were prejudicial to the plaintiff. If the plaintiff insisted upon a new trial he would clearly be entitled to it. However, he has expressed a preference for a judgment on the verdict rather than a new trial.

Because of the testimony of Mortier and because there was evidence that Hadley's directional signal light was on indicating that he intended to make a left turn, inquiry was

made of the jury as to Hadley's negligence with respect to making a left turn from the center lane into the west lane without first ascertaining that such movement could be made with reasonable safety. The jury did not answer the question. In its memorandum decision the trial court commented thereon as follows:

". . . as they did not answer that question in the special verdict it is manifest that they concluded that Hadley did not intend to make a left turn, did not make a left turn, but that he did invade the southbound lane of travel before the collision occurred."

Such an inference could fairly be drawn. The jury could have believed Hadley's story, which would support a finding of causal negligence on the part of Bush. We cannot say as a matter of law that Bush was free from causal negligence. The accident could have happened as found by the jury. Thus plaintiff's first motion was properly denied.

Under a proper concept of the law Hadley was negligent. In *Kempfer v. Bois,* 255 Wis. 312, 314, 38 N. W. (2d) 483, this court said:

"On this appeal it was argued on behalf of the defendant that the jury having found the defendant not causally negligent with respect to control, lookout, and speed, there was no showing of negligence because the defendant was on the wrong side of the road. That the burden of proof was upon the plaintiff to show that the fact that the defendant's car was on the wrong side of the road was due to some negligent act of the defendant. This contention cannot be sustained. The undisputed fact that the defendant's car was on the wrong side of the road established a *prima facie* case of negligence on the part of the defendant. The defendant then had the burden of producing evidence which would overcome the inference of negligence arising from the fact that the defendant's car was on the wrong side of the highway.

"In *Hamilton v. Reinemann* (1940), 233 Wis. 572, 290 N. W. 194, it was held that the mere operation of a motor

vehicle on the wrong side of the highway makes at least a *prima facie* case of negligence and is enough, in the absence of an explanation which the jury is bound to accept, to warrant an inference of negligence on the part of its operator, and this is not a mere legal presumption of negligence but a genuine inference of fact. See *Zeinemann v. Gasser* (1947), 251 Wis. 238, 29 N. W. (2d) 49."

Hadley cannot complain now of the apportionment of negligence where he received the benefit of the form of the verdict and the erroneous instructions. Substantial justice will be done to both parties by the granting of plaintiff's second motion for judgment on the verdict. Therefore, the order for a new trial is reversed and judgment should be entered in favor of the plaintiff and against the defendants for 70 per cent of the plaintiff's damages as determined by the jury.

*By the Court.*—Order reversed. Cause remanded with directions to enter judgment in conformity with this opinion.