POOLE and another, Respondents, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

*March 5—April 7, 1959.*

66

For the appellant there were briefs by *Roberts, Boardman, Suhr, Bjork & Curry* of Madison, and oral argument by *Walter M. Bjork*.

For the respondents there was a brief by *John A. Lawton* and *Don F. Meloy,* both of Madison, and oral argument by *Mr. Meloy.*

FAIRCHILD, J. Defendant claims that there was no credible evidence to sustain the jury finding that Poole was negligent as to management and control. Defendant relies upon decisions which have been summarized by the court as follows: "Out of these cases must be read the rule that skidding may occur without fault, and that the mere fact of its occurrence will not support a finding or inference of negligence." *Coenen v. Van Handel* (1955), 269 Wis. 6, 8, 68 N. W. (2d) 435.

The validity of this rule is not questioned. In the cases referred to, however, the cars involved have been in a position or movement from which the inference of negligence would ordinarily be drawn, but the proof has been clear that the position or movement was the result of skidding. Jury verdicts that the defendant driver was not negligent have been sustained if there was conflicting evidence as to negligent conduct precipitating the skidding. *Linden v. Miller* (1920), 172 Wis. 20, 177 N. W. 909; *Churchill v. Brock* (1953), 264 Wis. 23, 58 N. W. (2d) 290. It has been held as a matter of law that defendant driver was not negligent where there was no evidence to sustain a finding that negligent conduct precipitated the skidding. *Wobosel v. Lee* (1932), 209 Wis. 51, 243 N. W. 425; *Maltby v. Thiel* (1937), 224 Wis. 648, 272 N. W. 848. Jury verdicts that defendant driver was negligent have been sustained where there was evidence that negligent conduct precipitated the skidding. *Van Matre v. Milwaukee E. R. & T. Co.* (1955), 268 Wis. 399, 67 N. W. (2d) 831; *Williams v. Williams* (1933), 210 Wis. 304, 246 N. W. 322; *Zeinemann v. Gasser* (1947), 251 Wis. 238, 29 N. W. (2d) 49; *Coenen v. Van Handel, supra.* None of the cited decisions involves a situation where proof that skidding caused an invasion of the left side of the roadway was absent or inconclusive.

In *Henthorn v. M. G. C. Corp.* (1957), 1 Wis. (2d) 180, 83 N. W. (2d) 759, we declined to presume the existence of a nonnegligent explanation for stopping on the roadway. See also *Cushing v. Meehan,* ante, p. 30, 95 N. W. (2d) 796.

Defendant interprets the evidence before us as showing that the Poole car skidded across the center line of the highway into the Derleth car. We do not agree that this is the only reasonable interpretation. Mr. Derleth first saw the Poole car some distance away and thought it was proceeding on Poole's side of the highway without apparent

difficulty. Just before the collision he saw it again at apparently a considerable angle with the center line of the roadway for he could not see its headlights. It was skidding toward Derleth. It is a reasonable interpretation of his testimony that it was moving more or less in the same direction as the highway, but leading with its left side. At least some of the rear portion of the car must have been at that time on Derleth's side of the road. Derleth apparently did not see the Poole car begin to skid and did not testify that he saw it skid across the center. Whether the rear end skidded across the center line or whether the car was on the wrong side before skidding began is not clear.

We understand the portion of Derleth's testimony set out in the statement of facts to mean that between the time he saw Poole's headlights and the time he first saw Poole skidding, there was an interval of time when he was not watching Poole, but was preoccupied with watching the road in front of him. Other answers emphasize the fact that Derleth did not claim to see all of Poole's progress from the point where Poole was first seen:

"*Q.* And suddenly you simply saw the Poole car sliding and skidding sidewards right into the front of your car? *A.* He came right into my beam of headlights, a black object.

"*Q.* And skidding sideways, was it not? *A.* That's right, broadside."

If the testimony had been that Poole invaded the wrong side of the roadway as a result of skidding, no negligence on his part could be inferred either from his invasion of the wrong side or from his skidding. There being no proof that any act of Poole caused the skid, plaintiffs' case would fail under those facts. Here, however, the testimony does not directly show that the invasion was caused by skidding. The invasion may have taken place before the skidding

began. For instance, there is testimony that the highway curved slightly to Poole's right. Proceeding straight ahead, he would have invaded the left side and may have skidded as a result of his effort to correct this invasion.

If a defendant driver be observed skidding down his left side of the road, does the fact of skidding *prima facie* excuse his invasion of the left side and impose upon plaintiff the burden of proving either that defendant invaded before skidding began or that negligent conduct caused the skidding?

We conclude that presence on the wrong side of the roadway in these circumstances is evidence of negligence unless it also be shown that the presence on the wrong side was due to skidding. It may be that the jury might properly have inferred from Derleth's testimony and all the other circumstances in evidence that Poole was on the proper side of the road until he began to skid but whether or not this inference was to be drawn was for the jury.

*By the Court.*—Judgment affirmed.

CURRIE, J. (*dissenting*). The only testimony as to how the accident happened is that of Derleth. He first observed the lights of the approaching Poole car in its own lane of travel. The next time he observed such car it was skidding sideways toward him and the collision took place in Derleth's traffic lane, the front of the Derleth automobile striking the center of the left side of the Poole car.

The majority opinion sustains the finding of the jury, that Lyle Poole was causally negligent as to management and control, on the basis that such negligence could be inferred by the jury from the position of the Poole car in being on the wrong side of the center line of the pavement. This is nothing more nor less than applying the doctrine of *res ipsa loquitur*. It would be a proper application of such principle, if there were absent the undisputed evidence of

skidding. *Hamilton v. Reinemann* (1940), 233 Wis. 572, 580, 290 N. W. 194, and *Kempfer v. Bois* (1949), 255 Wis. 312, 314, 38 N. W. (2d) 483.

*Res ipsa loquitur* does not apply to skidding so as to permit a jury to infer negligence therefrom. *Linden v. Miller* (1920), 172 Wis. 20, 22, 177 N. W. 909, and *Churchill v. Brock* (1953), 264 Wis. 23, 28, 58 N. W. (2d) 290. Therefore, the jury cannot be permitted to speculate as to whether the nonnegligent process of skidding is what caused the Poole car to cross the center line, or whether some negligent act of control and management on the part of Lyle Poole first carried the car across into the opposite traffic lane and the skidding occurred thereafter. *Hyer v. Janesville* (1898), 101 Wis. 371, 377, 77 N. W. 729, and *Wisconsin Telephone Co. v. Matson* (1950), 256 Wis. 304, 310, 41 N. W. (2d) 268.

In *Wisconsin Telephone Co. v. Matson, supra,* this court held it proper to apply the doctrine of *res ipsa loquitur* to an unexplained running off the highway of a motor vehicle. However, the opinion in that case made it clear that the prior holdings in *Klein v. Beeten* (1919), 169 Wis. 385, 172 N. W. 736, and *Baars v. Benda* (1946), 249 Wis. 65, 23 N. W. (2d) 477, were specifically approved. We quote from the opinion in the *Wisconsin Telephone Co. Case* as follows (256 Wis. p. 310):

"In *Klein v. Beeten, supra,* and in *Baars v. Benda, supra,* automobiles ran off the road and passengers were injured. After the accident a flat front tire was found in the first case and a broken steering gear in the second. In each of these actions we held that *res ipsa loquitur* did not apply because the defects may have preceded and caused the accident or they may have been caused by the car hitting the ditch. The circumstances were as consistent with the non-actionable as with the actionable cause and the jury was not allowed to speculate between them, to guess (as we said

in *Baars v. Benda,* p. 69) whether it was the broken steering gear or negligent operation which caused the accident."

If a flat tire or a broken steering wheel may have either precipitated a car off a highway, or have occurred afterward as a consequence of impact of the collision which resulted, it is equally apparent that in the instant case the skidding may have occurred before the Poole car crossed the center line as well as afterward. The instant holding of the majority opinion is not only a repudiation of *Klein v. Beeten, supra,* and *Baars v. Benda, supra,* but also of the rationale of the holding in *Wisconsin Telephone Co. v. Matson, supra.*

Our decision in *Wood v. Indemnity Ins. Co.* (1956), 273 Wis. 93, 76 N. W. (2d) 610, is also directly in point. In that case, as in *Wisconsin Telephone Co. v. Matson, supra, res ipsa loquitur* was applied to hold that an unexplained leaving of the highway by an automobile gave rise to an inference of negligence which would support a jury verdict so finding. The operator was found dead in the car after it collided with a tree. The defendant insurance company contended that the operator may have had a fatal heart attack, and that caused the vehicle to take the course it did. There was no autopsy finding of a heart attack or any other sufficient evidence in the record to establish that a heart attack had occurred. The court's opinion made it crystal-clear that, if there had been conclusive evidence in the record that the operator had sustained a heart attack, it would not have been necessary to prove that it had occurred before the car left its course in order to rule out *res ipsa loquitur.* The court again gave its stamp of approval to *Baars v. Benda, supra.*

This court should not permit its sympathy for the unfortunate plaintiffs to cause it to overrule the prior well-considered holdings of the afore-cited cases. In order for

the plaintiffs to recover it was essential that they establish that the skidding occurred as a result of some act of negligence, or was aggravated thereby. *Coenen v. Van Handel* (1955), 269 Wis. 6, 8, 68 N. W. (2d) 435. This the plaintiffs failed to prove.

I am authorized to state that Mr. Justice BROWN joins in this dissent.