REID and another, Respondents, v. THRAMS and another, Appellants.

*June 5—June 30, 1967.*

616

For the appellants there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

For the respondents there was a brief by *Heide, Sheldon, Hartley & Thom* of Kenosha, and oral argument by *William A. Sheldon.*

BEILFUSS, J.   The issue is: Does the credible evidence support an inference that the appellant, Herta Thrams, was negligent?

The defendants concede that the operation of a motor vehicle on the wrong side of a highway gives rise to an inference of negligence.   They contend, however, that the law recognizes that the skidding of a vehicle may be the result of nonnegligent causes and where, as here, the skidding commenced in Mrs. Thrams' proper lane of traffic the inference has no application, and that the plaintiffs had the burden of proof to show a negligent act on the part of Mrs. Thrams caused the accident.   In support of this position they cite *Poole v. State Farm Mut. Automobile Ins. Co.* (1959), 7 Wis. (2d) 65, 70, 95 N. W. (2d) 799, and cases cited therein:

"If the testimony had been that Poole invaded the wrong side of the roadway as a result of skidding, no negligence on his part could be inferred either from his invasion of the wrong side or from his skidding.   There being no proof that any act of Poole caused the skid, plaintiffs' case would fail under those facts.   Here, however, the testimony does not directly show that the invasion was caused by skidding.   The invasion may have taken place before the skidding began.   For instance, there is testimony that the highway curved slightly to Poole's right.   Proceeding straight ahead, he would have

invaded the left side and may have skidded as a result of his effort to correct this invasion.

"If a defendant driver be observed skidding down his left side of the road, does the fact of skidding *prima facie* excuse his invasion of the left side and impose upon plaintiff the burden of proving either that defendant invaded before skidding began or that negligent conduct caused the skidding?

"We conclude that presence on the wrong side of the roadway in these circumstances is evidence of negligence unless it also be shown that the presence on the wrong side was due to skidding. It may be that the jury might properly have inferred from Derleth's testimony and all the other circumstances in evidence that Poole was on the proper side of the road until he began to skid but whether or not this inference was to be drawn was for the jury."

The language in the *Poole Case* relied upon by the defendants was specifically modified by our opinion in *Voigt v. Voigt* (1964), 22 Wis. (2d) 573, 584, 585, 126 N. W. (2d) 543. This case also involved a skidding on ice from one traffic lane to another.

At pages 584, 585, we stated:

"The end product of the *Theisen* and *Goldenberg Cases* is this: One who invades the wrong side of the highway may be able to relieve himself of the inference of negligence, but the responsibility rests upon him to do so. For example, an ostensibly 'sleeping driver' may be shown to have suffered a heart attack; one whose car suddenly swerves into the opposite lane may succeed in proving that there was a mechanical failure (e.g., a blowout). The inference of negligence when one invades the wrong lane is a vigorous one; the inference is not dissipated unless the driver so invading the wrong lane proves that he was without fault.

"We do not hereby revise the rule that an injured plaintiff has the burden of proving that the defendant driver was negligent. However, once having introduced evidence that the defendant driver crossed into the wrong lane, the defendant driver has the burden of going for-

ward with evidence to prove that such invasion was non-negligent.

"  . . .

"The appellants contend that our holding in *Poole v. State Farm Mut. Automobile Ins. Co.* (1959), 7 Wis. (2d) 65, 70, 95 N. W. (2d) 799, warrants the conclusion that an absence of testimony as to the cause of skidding would cause the injured party's case to fail. Insofar as the *Poole Case* conveyed this impression, it must be deemed modified by this opinion." [1]

The only testimony to prove the nonnegligent invasion given by Mrs. Thrams was that she started to skid and did not do anything to cause the skidding. Mrs. Thrams' nineteen-year-old daughter, who was a front seat passenger, testified that her mother was in the lane closest to the chatter strip; that there was a slight curve in the road and as they came to the curve the car started to skid; and that it went over the chatter strip and continued to skid into the other lane.

The testimony introduced by the defendants "to prove that such invasion was nonnegligent" was not conclusive so as to overcome the inference as a matter of law. The jury, in determining the credibility of the witnesses and weight to be given their testimony, and the weight of the testimony as a whole, was justified in not accepting the proof or explanation offered by the defendants as sufficient to dispel the inference as to a negligent cause of the improper invasion of plaintiffs' side of the road.

*By the Court.*—Judgment affirmed.

---

[1] *Theisen v. Milwaukee Automobile Mut. Ins. Co.* (1962), 18 Wis. (2d) 91, 118 N. W. (2d) 140; *Goldenberg v. Daane* (1961), 13 Wis. (2d) 98, 108 N. W. (2d) 187. Also see *Bunkfeldt v. Country Mut. Ins. Co.* (1965), 29 Wis. (2d) 179, 138 N. W. (2d) 271.