FROEMMING, Plaintiff and Respondent, vs. AMITY LEATHER PRODUCTS COMPANY, Defendant: LEISER and another, Defendants and Appellants.

*November 7—December 4, 1956.*

For the appellants there was a brief and oral argument by *Ray T. McCann* of Milwaukee.

For the respondent there was a brief by *Dougherty, Arnold & Philipp,* and oral argument by *James T. Murray,* all of Milwaukee.

MARTIN, J. The accident happened shortly after midnight on December 20, 1953, on Highway 33 several miles west of West Bend. There the highway runs east and west and is relatively straight and level for a distance of 500 feet or more in either direction from the place of collision. Froemming was driving west, accompanied by his wife and small daughter. Leiser, accompanied by his wife and two other adults, was driving east.

The pavement, about 18 feet in width, was marked with a center line; it was slippery with ice or frost. There is no evidence that visibility was impaired by weather conditions.

There is sharp conflict in the testimony as to the position on the highway of the Leiser automobile as the cars approached one another, but it is undisputed that when they were 40 to 50 feet apart Froemming's car slid crosswise in the road and was then struck by the Leiser car, the front of the latter being two or three feet north of the center line at the time of impact. Leiser testified that although the Froem-

ming car appeared to swerve somewhat during the time the cars approached one another, it stayed within its own lane until they were 40 to 50 feet apart.

On a special verdict the jury found both drivers causally negligent with respect to management and control and being on the wrong side of the roadway.

The rule is:

"If there is any credible evidence which, under any reasonable view, fairly admits of an inference that supports the jury's finding, neither the trial court nor an appellate court has any authority to change the jury's answers or findings." *Auster v. Zaspel* (1955), 270 Wis. 368, 370, 71 N. W. (2d) 417.

It is contended by appellant that the evidence does not support the finding of negligence on his part. The trial court, noting the fact that the front of the Leiser car extended somewhat across the center line at the time of the collision, held that there was evidence upon which the jury could find Leiser negligent, citing *Hamilton v. Reinemann* (1940), 233 Wis. 572, 290 N. W. 194, and *Kempfer v. Bois* (1949), 255 Wis. 312, 314, 38 N. W. (2d) 483. The rule of those cases is to the effect that—

". . . the mere operation of a motor vehicle on the wrong side of the highway makes at least a *prima facie* case of negligence and is enough, in the absence of an explanation which the jury is bound to accept, to warrant an inference of negligence on the part of its operator, and this is not a mere legal presumption of negligence but a genuine inference of fact."

There is more evidence of Leiser's negligence in the record, however, than the fact that his automobile invaded the north half of the road at or about the time of the collision. Froemming testified that the Leiser car was on the wrong side of the road when he first saw it and for some distance thereafter; that in response thereto he slowed his car, in the course of which it began to skid. We have read the record thoroughly

and while we feel constrained to say that the testimony of the respondent was in many respects vague and vacillating, it was nevertheless positive in the respects mentioned.

Froemming's testimony shows he was a poor judge of distances; his mind was not clear as to most of the facts leading up to the collision; he had difficulty in making definite answers and in many respects contradicted or failed to remember statements he had made on adverse examination. We may say, however, that so far as it is possible to draw conclusions as to the credibility of a witness from the written record, his testimony appeared at all times to be that of an honest man, and it apparently so impressed the jury. Moreover, the medical testimony shows that the mental condition of the respondent, as the result of the head injuries he received in the accident, was that of "decreased concentration, decreased affect, and a general dullness." Accepting his positive statements as credible, the jury was entitled to find Leiser negligent. That being so, if Leiser was confronted with an emergency at the time Froemming's car invaded the south lane of travel, it was an emergency to which his own negligence contributed and inexcusable. *Roellig v. Gear* (1935), 217 Wis. 651, 260 N. W. 232. There was no error in the trial court's failure to direct a verdict or change the answers of the jury.

It is argued that the trial court should have found, as a matter of law, the causal negligence of the respondent at least as great as that of the appellant, on the ground that the negligence of both drivers was of the same kind and character. In *Hansberry v. Dunn* (1939), 230 Wis. 626, 633, 284 N. W. 556, where the same argument was made, this court stated:

"It is true that the court may occasionally be able to determine from the record that two items of negligence of the same character are equal in quality or that as a matter of law one of them is greater than the other. This is more apt to be

possible in cases where speed, lookout, or the violation of some particular rule of the road is involved. It is less apt to be possible in cases involving findings of negligence with respect to management and control. In any event, it must be possible from all the circumstances of the case as disclosed by the record for this court to be able to say that the negligences are equal in quality and that is why this court has said that it can rarely come to this conclusion. We are satisfied, however, that the court may not adopt a rule of thumb that will check off automatically lookout against lookout, control against control, etc., holding these items equal as a matter of law in every case."

It is undisputed that the Froemming car was being operated within its proper lane of travel until the automobiles were 40 to 50 feet apart. And, as set forth above, the evidence being susceptible of the inference that Leiser's negligence was the first cause in a "chain reaction" that resulted in Froemming's skidding across the path of the Leiser car, the jury could conclude that Leiser's negligence exceeded that of Froemming.

*By the Court.*—Judgment affirmed.