SMITH and another, Appellants, v. CUMMINGS and another, Respondents.

*October 8—November 3, 1959.*

For the appellants there was a brief by *Walker & Wightman* of Portage, and oral argument by *Dorothy Walker*.

For the respondents there was a brief by *Rogers & Owens,* and oral argument by *Harlan B. Rogers* and *Bruce J. Rogers,* all of Portage.

BROADFOOT, J.   The plaintiffs allege several errors upon the trial that entitle them to a new trial.  Since we agree with the contention of the plaintiffs that certain instructions by the trial judge to the jury were erroneous to their prejudice we shall not discuss the testimony further nor shall we discuss the other alleged errors.

Sec. 85.15 (1), Stats. 1955, provided in part as follows:

"Upon all highways of sufficient width, except upon one-way highways, the operator of a vehicle shall operate the same upon the right half of the roadway and in the right-hand lane of a three-lane highway, unless it is impractical to travel on such side of the roadway or in such lane and except when preparing to make a left turn from a three-lane highway or when overtaking and passing another vehicle subject to the limitations applicable to overtaking and passing as set forth in this chapter."

In commenting upon this statute the court instructed the jury as follows:

"In answering this question, you will therefore determine on what portion of the highway she was driving and whether it was practical or impracticable for her to drive as she did.

"Defendant admitted she was at least in the center of the street and that there was room for cars to pass her.  Defendant was, therefore, admittedly not entirely on her own right half of the street.  So the only question for you to determine is whether, because of the presence of the truck, or otherwise, it was practicable or not for her to deviate from her right half of the street.  If you find it was practical for her to so deviate, you will answer question 1–A 'No'— that is, she was not negligent as to her position on the highway; otherwise, your answer will be 'Yes'—that is, in deviating it was not practical and she was therefore negligent as to her position on the highway."

This instruction placed an erroneous construction upon the statute. It was not a question of whether it was practical for Mrs. Cummings to drive on the wrong side of the street but whether it was impractical for her to drive on the right-hand side of the street.

In giving the jury its instructions on the burden of proof, the trial court said:

"In this case, the burden of proof rests with the plaintiff with respect to questions One, Two, Six, Seven, and the burden rests with defendant as to questions Three and Four. In other words, simply stated, the plaintiff, Violet M. Smith, claims that the defendant was negligent. She carries the burden there."

Question One dealt in part with the negligence of the defendant Cummings with reference to the position of her automobile on the highway. By her own testimony she was partially across the center line to her left. In *Kempfer v. Bois,* 255 Wis. 312, 314, 38 N. W. (2d) 483, this court said:

"The undisputed fact that the defendant's car was on the wrong side of the road established a *prima facie* case of negligence on the part of the defendant. The defendant then had the burden of producing evidence which would overcome the inference of negligence arising from the fact that the defendant's car was on the wrong side of the highway."

This rule was cited with approval in *Froemming v. Amity Leather Products Co.* 274 Wis. 181, 80 N. W. (2d) 228. The burden, therefore, was upon the defendants to show that at and immediately prior to the time of the collision it was impractical for Mrs. Cummings to drive on her proper side of the highway.

The defendants do not defend these instructions but argue that under the provisions of sec. 274.37, Stats., the instructions did not affect the substantial rights of the plaintiffs.

We hold that the erroneous instructions were prejudicial and did affect the substantial rights of the plaintiffs.

Other complaints about instructions were made which we do not deem to have been prejudicial.

The plaintiffs further contend that the damages found by the jury were so inadequate as to indicate perversity on the part of the jury. We will only say in that regard that the award of damages was small, and since the amount has been challenged, the new trial will be upon all issues, including damages.

*By the Court.*—Judgment reversed. Cause remanded for a new trial upon all issues.