**INTERSTATE CIRCUIT, Inc., v. LE NORMAND et al.**

No. 8903.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1938.

Newton Gresham, of Houston, Tex., for appellant.

Ira J. Allen, of Houston, Tex., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

L. LeNormand and wife, Mrs. Esther LeNormand, recovered judgment for seven hundred and fifty dollars against Interstate Circuit, Inc., a Delaware Corporation. The suit was for damages for personal injuries and destruction of wearing apparel suffered by Mrs. LeNormand as the result of burns received by her following an explosion and fire in the appellant's theater in Houston, Texas.

The plaintiffs' petition alleged specific acts of negligence; that the defendant was

negligent, among other things, in permitting gas and other inflammable substances to accumulate in the heating and ventilating ducts of the theater; in failing to have the system inspected; and in permitting the aisles to become blocked and congested in violation of a city ordinance. As an alternative cause of action the plaintiff alleged that defendant was negligent in the operation and maintenance of the theater in particulars well known to it "due to its exclusive control, knowledge and management", and that said accident or calamity was one that in "the ordinary course of things does not happen where those who have the management of a theater use proper care".

The evidence was without dispute that Mrs. LeNormand was severely burned about the legs as a result of an explosion and fire in the Kirby Theater on October 27, 1936. While Mrs. LeNormand was attending the picture show and seated in the theater there was a sudden flash-like explosion on the floor beneath her seat; the explosion and fire coming from the general vicinity of a mushroom type ventilator used to draw stale air from the theater. Witnesses testified the flash was followed by a heavy cloud of gray or white smoke and that after the flash there was some smoldering material on the floor which some said had the appearance of being part of an old stocking. A chemist testified that this stocking material was permeated with sulphur.

At the conclusion of the testimony the defendant, appellant, moved for an instructed verdict. The trial court overruled the motion and the case went to the jury which returned a verdict for the plaintiff; thereupon comes this appeal.

■ Negligence cannot usually be inferred from the mere happening of an accident itself. In this case there is no question but that an accident occurred and that the plaintiff was injured. She was injured by a flash of fire; its origin or source, at most, is a matter of speculation. While evidence showed that the flash came from the vicinity of the floor ventilator it wholly failed to disclose the cause of same, or that it resulted from any negligence on the part of the defendant. The jury could have done no more than guess as to whether the accident was caused by the negligence of the defendant or by some device of some sort placed on the floor or in the ventilator by some third person. Nowhere

in the record have we been able to find evidence which imputes negligence to the defendant theater.

■ The mere happening of an accident, without more, affords no legal claim for damages unless the claim can be predicated upon that class of cases governed by the rule of res ipsa loquitur, which per se raises a presumption of negligence. No specific acts of negligence on the part of the defendant were shown and "where the evidence shows that the accident may have happened as the result of one of two or more causes, and it is not more reasonably probable that it was due to the negligence of the defendant than to any other cause, the rule of res ipsa loquitur does not apply." Davis v. Castile, Tex.Com.App., 257 S.W. 870, 872. An explosive could easily have been placed or dropped where it was by any member of the audience, without any fault of the theater owner. Verdicts cannot rest upon guess or conjecture. "It is the duty of the plaintiff to prove negligence affirmatively; and, while the inferences allowed by the rule or doctrine of res ipsa loquitur constitute such proof, it is only where the circumstances leave no room for a different presumption that the maxim applies." Klein v. Beeten, 169 Wis. 385, 172 N.W. 736, 738, 5 A.L.R. 1237.

■ The theater was not an insurer of the safety of its patrons. It owed to its patrons the duty of using ordinary care and to maintain the premises in a reasonably safe condition. "Agreeably to this doctrine, it is held that the owner of a place of entertainment is charged with the duty of exercising all proper precaution, skill, and care commensurate with the circumstances, to maintain the place * * * in a reasonably safe condition for the uses to which it is devoted." Purdy v. Loew's St. Louis Realty & Amusement Corporation, 220 Mo.App. 854, 294 S.W. 751, 753. "Negligence is the doing of something that a person of ordinary prudence would not have done under the same or similar circumstances, or the failure to do something that such a person would have done under the same or similar circumstances." City of Waco v. Diamond, Tex.Com.App., 65 S.W.2d 272, 273.

■ The plaintiff can take nothing by reason, if it was a fact, that patrons were standing in the aisles of the theater in violation of a city ordinance. A preponderance of the evidence discloses that it was

a quick flash that caused the injuries to appellee. The crowded aisles could have in no way contributed to her injury, but, at most, impeded her progress from the scene of the accident. Circle Theatre, Inc., v. Grant et al., Tex.Civ.App., 32 S.W.2d 676.

For the reasons stated it results that the request for an instructed verdict should have been granted. The judgment of the District Court is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.