## DOGGETT v. PEEK et al.
### No. 9649.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1940.

Curtis White, of Dallas, Tex., for appellant.

Pinkney Grissom, of Dallas, Tex., for appellees.

Before HOLMES and McCORD, Circuit Judges, and DAWKINS, District Judge.

McCORD, Circuit Judge.

Mr. and Mrs. E. B. Doggett were killed in an automobile accident in Ellis County, Texas, on March 10, 1939. Margaret Doggett, their only surviving child, brought suit to recover damages for their death. The case was tried to a jury. At the close of plaintiff's testimony the defendants asked for a directed verdict but the court overruled the motion. At the conclusion of all the testimony the defendants renewed their motion for an instructed verdict. This mo-

tion was granted and the jury returned a verdict for the defendants. Miss Doggett has appealed from the judgment entered on the instructed verdict.

It was the contention of Miss Doggett that her parents, Mr. and Mrs. E. B. Doggett, were riding north along Highway 77 in their Nash automobile; that about three miles south of Waxahachie, Texas, as they approached the crest of a hill Forrest B. Doggett (no relation to Mr. and Mrs. E. B. Doggett) came over the hill in a Chevrolet car going south; that Forrest Doggett was negligent in coming over the hill on his left or wrong side of the road; that he failed to keep a proper lookout; that E. B. Doggett, the driver of the Nash automobile, drove his car to the left to avoid a collision with the car driven by Forrest Doggett; and that the cars collided and killed Mr. and Mrs. E. B. Doggett.

Decision must turn upon the evidence.

The plaintiff offered no evidence of eye witnesses to the accident. She sought to recover by showing photographs of the two cars and other photographs taken after the accident which showed tire tracks in the road at the scene of the accident.

The witness Forrest Doggett who was driving the Chevrolet automobile was at the time of the accident an employee of John Deere Plow Company, a business owned and operated by the appellees. He testified that his car was new and had not been driven a thousand miles; that he was driving on the right side of the road at a speed of not over thirty-five miles per hour; that suddenly the Nash car, in which the Doggetts were riding, cut sharply across his path and too close for him to avoid the collision; that his automobile struck the Nash almost in the center of its right side; that a Mr. and Mrs. Crumpton were riding with him; and that Mr. Crumpton was killed and Mrs. Crumpton sorely injured. Mrs. Crumpton did not seem to remember much about the accident but testified as best she could remember that Forrest Doggett was driving at a moderate rate of speed on his right side of the road. Mrs. Ruth Chastaine was driving north along the highway ahead of the Nash car. She testified that the Forrest Doggett car was coming over the hill on its right side of the road; that the Nash car attempted to pass her car and drove over to its left and into the path of the oncoming Chevrolet. These were the only eye witnesses. Further evidence was offered as to how the pictures of the scene

of the accident were taken. One witness testified that the tire tracks in the road were made when the stricken cars were moved.

■ The burden was upon the plaintiff to show that the accident was the result of the negligence of the defendants. The plaintiff failed to make a case for the jury. If all the evidence save that of the plaintiff had been stricken an instructed verdict for the defendants would still have been proper. Verdicts cannot rest upon guess or conjecture. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819; Chicago, M. & St. P. R. Co. v. Coogan, 271 U.S. 472, 46 S.Ct. 564, 70 L.Ed. 1041; Interstate Circuit v. Le Normand, 5 Cir., 100 F.2d 160.

The judgment is affirmed.