## MEDINA v. ALL AMERICAN BUS LINES, Inc.
### No. 11462.

Circuit Court of Appeals, Fifth Circuit.

Nov. 29, 1945.

E. B. Elfers, of El Paso, Tex., for appellant.

J. F. Hulse, of El Paso, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for damages for injuries resulting in death. The claim was that plaintiff's decedent had come to his death as a result of the negligent operation of defendant's bus. At the conclusion of plaintiff's evidence, a motion for di-rected verdict was made and granted. Plaintiff is here insisting that, though the evidence was entirely circumstantial, it was sufficient to make an issue for the jury. Appellee insists that the evidence shows no more than that there was an accident, and that under settled law the proof that an accident occurred is not proof that it was negligently caused.[1] It insists further that while negligence may be proved by circumstantial evidence, the authorities[2] settle it that the circumstances must be such that an inference of negligence is not purely speculative in its nature.

We agree with appellee's statement of the law, and a page by page search of the record leaves in no doubt that the evidence showed no more than that a collision occurred, its causes completely unexplained. In this state of the record, a directed verdict for defendant was demanded. The judgment was right. It is affirmed.

[1] Texas & P. R. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049; Webster v. Henwood, Tex.Civ.App., 134 S.W.2d 333; Lipscomb v. Houston Elec. Co., Tex.Civ.App., 149 S.W.2d 1042.

[2] Texas & N. O. R. v. Warden, 125 Tex. 193, 78 S.W.2d 164; Doggett v. Peck, 5 Cir., 116 F.2d 273; Interstate Circuit v. Le Normand, 5 Cir., 100 F.2d 160; Nash v. Raun, 3 Cir., 149 F.2d 885.