### MASON v. UNITED STATES.
No. 254, Docket 21314.

United States Court of Appeals Second Circuit.

Argued May 13, 1949.

Decided Sept. 26, 1949.

PER CURIAM.

The libellant has appealed from a final decree of the District Court for the Eastern District of New York in a suit brought under the Suits in Admiralty Act, 46 U.S. C.A. §§ 741–752, and the Public Vessels Act, 46 U.S.C.A. §§ 781–790, to recover damages for personal injuries sustained while attempting to board the respondent's steamship James De Wolf when she was moored at Pier 7, Bush Terminal, Brooklyn. He recovered substantial damages but insists that they are inadequate and that there was error in finding that he was guilty of contributory negligence and in proportionately reducing the recoverable damages for that reason. The respondent has filed assignments of error and contends both that it was free from negligence and that the decree is excessive.

The appellant was an experienced harbor pilot who went to the ship on a tug to take charge of shifting the vessel to an anchorage. No warning of his arrival was given the ship. When the tug went alongside the vessel her bow was under a Jacob's ladder, which was hanging over the ship side just aft of amidships. The ladder was securely fastened but it had not been played out to its full length. The appellant put his weight on it and, as this test of its security appeared to indicate that it was firmly attached to the ship, began to ascend it. When he had nearly reached the top and was about thirty feet above the water the ladder began to slip off the ship's rail. After some ten or fifteen feet of it had thus run out, it fetched up quickly and he was thrown off backwards into the water and injured.

The appellee was bound to exercise due care to provide appellant a safe way to board the ship. Grillo v. Royal Norwegian Government, 2 Cir., 139 F.2d 237; Vanderlinden v. Lorentzen, 2 Cir., 139 F.2d 995. There was no error in holding that it was negligent to leave this ladder in a position inviting appellant to use it in coming aboard. United States Fidelity & Guaranty Co. v. United States, 2 Cir., 152 F. 2d 46.

Burlingham, Veeder, Clark & Hupper, New York City (C. B. M. O'Kelley, J. J. Conran, New York City, of counsel), for libellant-appellant.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y. (Kirlin Campbell Hickox & Keating, New York City, Raymond Parmer, Vernon Sims Jones, New York City, of counsel), for respondent-appellee.

Before CHASE, CLARK and DOBIE, Circuit Judges.

■ Nor was it clearly erroneous to find under these circumstances that the appellant's negligence contributed to cause his injuries. He merely assumed that the ladder was there for his use and, well aware of the dangers of Jacob's ladders and without doing anything other than to test it with his weight, undertook to climb it.

■ The amount of damages sustained was a question of fact. It was stipulated that appellant's lost earnings amounted to $8,092.50 and his medical expenses to $1,-937.79. His attorney argued that he was entitled to a minimum of $7,500 for pain and suffering and opposing counsel suggested $5,000. The court awarded $6,250 and the amount of the decree was $13,-000. This was the result in round figures reached after holding that twenty per cent of the actual damages was attributable to the negligence of the appellant and reducing the recoverable damages accordingly. All of which appears reasonable in the light of the facts proved and, being supported by the evidence, the decree should be affirmed. Fodera v. Booth American Shipping Corp., 2 Cir., 159 F.2d 795.

Decree affirmed.