**CIE. DES MESSAGERIES MARITIMES v. TAWES.**

**No. 13921.**

United States Court of Appeals
Fifth Circuit.

June 18, 1953.

Rehearing Denied July 14, 1953.

Writ of Certiorari Denied Oct. 19, 1953.

See 74 S.Ct. 69.

6

Edwin Longcope, New York City, S. T. Frankel, Bolivar, Colon, R. P., McNutt & Nash, New York City, of counsel, for appellant.

Woodrow de Castro, Ancon, Canal Zone, Richard B. Montgomery, Jr., New Orleans, La., Van Siclen, Ramirez & de Castro, Ancon, Canal Zone, of counsel, for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

This action at law was brought by George V. Tawes in the United States District Court for the District of the Canal Zone to recover damages for personal injuries sustained on the steamship Grenoble, which vessel was then being operated by the defendant Cie Des Messageries Maritimes. Judgment was entered in plaintiff's favor and the defendant has appealed.

On July 21, 1949, the Grenoble was tied up with her starboard side to the lock wall at the Gatun Lock in the course of her transit through the Panama Canal. Appellee, a Panama Canal pilot, was on board to pilot and conduct the vessel through the Canal and in the performance of his duty went ashore to check the ship's draft. In disembarking he used a portable wooden stepladder to ascend from the main deck to the starboard gunwale which was approximately level with the lock wall. On his return appellee undertook to use the same ladder to reboard the vessel and the ladder fell and appellee was thrown forward and down to the deck sustaining serious injuries.

The complaint alleged, among other things, that appellee's injuries were directly caused by the negligence of the appellant and its agents, servants, and employees in failing and neglecting to supply a safe means of boarding the vessel, a safe place to work, and in failing to lash, fasten and properly secure the stepladder and to warn appellee of the impending danger. The answer of the appellant denied that it was guilty of any negligence and affirmatively alleged that Tawes' injuries resulted entirely from his own negligence and from his own actions outside the scope of his duties as pilot. The cause came on for trial and the court after hearing the evidence, which consisted entirely of oral testimony save as to certain stipulated facts, made appropriate findings and entered its judgment thereon sustaining the liability of appellant and exonerating appellee of any contributory negligence or voluntary assumption of risk beyond the scope of his duties and awarding damages to appellee in the amount of $26,076.00.

The appellant is here seeking a reversal on two grounds: (1) that the trial court erred in holding that there was any liability on the part of appellant for the reason that the court did not find that appellant was guilty of any of the specific acts of negligence charged, and in the absence of such a finding negligence may not be inferred from the mere fact that an accident occurred; (2) that the court below erred in applying the rule of res ipsa loquitur as the sole basis for holding defendant liable to the plaintiff.

The District Court found that the stepladder was part of the ship's gear and that it was under the control of appellant; that it was set up in place for the use of the pilot and his crew of twelve men when they boarded the vessel at Balboa, and that it remained practically in the same position and place during the transit of the Grenoble from Balboa to Gatun. The court further found that after appellee had used the ladder and was on the lock wall at Gatun the boatswain of the Grenoble adjusted the

ladder by lifting it upwards and when appellee returned and undertook to use the ladder in reboarding the ship the ladder from some unexplained cause fell throwing him to the floor of the deck. On the basis of these facts the court held that the rule of *res ipsa loquitur* was applicable and "Under that principle of law the burden of refuting any negligence causing the ladder to fall rested on defendant. Defendant offered no proof to meet that burden, and in view of such failure, the liability of defendant has been sustained."

The appellant, citing Medina v. All American Bus Lines, Inc., 5 Cir., 152 F.2d 61, and Interstate Circuit v. Le Normand, 5 Cir., 100 F.2d 160, vigorously insists that the evidence shows no more than that there was an accident, and that under settled law mere proof that an accident occurred is not proof that it was negligently caused. The appellee on the other hand and in opposition to the court's findings contends that the accident was attributable to appellant's failure to lash, tie and secure the ladder either to the gunwale or to some other structure to prevent its deflection from position. Appellant meets this contention by advancing the plausible argument that the trial judge must have considered that there was no duty owed to appellee by appellant to lash the ladder or else he would have made a finding of specific negligence in that regard and would not have resorted to the rule of *res ipsa loquitur* to support a finding for appellee. Moreover, he would not have found that the ladder fell from some unexplained cause, because the evidence was all one way that the ladder was not lashed. Furthermore, appellant insists that the only duty it owed to appellee was to use due care to provide him with a safe way to board the vessel [1] and a finding was neither authorized or made that it was delinquent in this respect.

At the trial, appellant offered and introduced in evidence a portable stepladder which was identified as the one in question and there was evidence that the ladder was in the same condition at the time of the trial as at the time of the accident, except for one minor item of repair. The ladder,

a four step wooden structure, was constructed with the ends of its stringers cut on a bevel at top and bottom so that its upper portion would rest against and flush with the gunwale. The ladder did not depend for support on its angular construction as it was supported by two wooden uprights which were bolted to the stringers near the top and which ran perpendicularly to the deck at an angle of about 45° to the incline of the steps. Appellant's evidence thus tends to show that the ladder was sturdy and could not reasonably have been expected to fall. There was evidence on behalf of appellee that the ladder produced at the trial was not the Grenoble's ladder for the reason, among others, that the ladder which skidded from the ship's rail had no upright supports.

The record standing thus, and in the face of a finding that the ladder fell from some unexplained cause, the District Court invoked the rule of *res ipsa loquitur* and held that under that principle of law the burden of refuting any negligence causing the ladder to fail rested on appellant. This was error.

The doctrine is not proof and does not supply a want of proof. "*Res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forstall the verdict. *Res ipsa loquitur*, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff." Sweeney v. Erving, 228 U.S. 233, 240, 33 S.Ct. 416, 418, 57 L.Ed. 815.

In San Juan Light & Transit Co. v. Requena, 224 U.S. 89, 98–99, 32 S.Ct. 399, 401, 56 L.Ed. 680, the Supreme Court said: "when a thing which causes injury,

1. Mason v. United States, 2 Cir., 177 F.2d 352.

without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as in the ordinary course of things does not occur if the one having such control uses proper care, it affords reasonable evidence, *in the absence of an explanation,* that the injury arose from the defendant's want of care." (Emphasis supplied.) We cannot say that the facts of the occurrence warrant the inference of negligence. Appellee "did not consider the ladder unsafe." He did not know and had no idea what caused the ladder to slide. And appellant contrary to the court's finding has met the burden of explanation by offering the ladder in evidence and by producing witnesses whose testimony tended to rebut any inference of negligence on its part.

The Court below found nothing wrong with the ladder in its structure or condition, it found only that it fell from "some unexplained cause", and having thus found in effect that the cause of the accident and the relation of the appellant to it were matters of mere speculation and conjecture imposed liability upon the defendant solely upon the doctrine of *res ipsa loquitur.* Since we cannot on this record determine how the injury to appellee occurred—it certainly was not established why the ladder fell—we are compelled to hold that the appellee failed to sustain his burden of proving by a fair preponderance of the evidence that his injuries were attributable to appellant's negligence. It follows that the judgment appealed from must be, and is,

Reversed.