987 So.2d 1020 (2008)
Bobby THOMAS, Appellant
v.
Gerald Wayne BRADLEY and Jerry Baldwin, Appellees.
No. 2006-CA-01756-COA.
Court of Appeals of Mississippi.
January 29, 2008.
Rehearing Denied August 5, 2008.
*1022 John Doyle Moore, Ridgeland, Robert Niles Hooper, attorneys for appellant.
Gerald Lee Kucia, Jackson, Matthew Anderson Taylor, attorneys for appellees.
Before LEE, P.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. Bobby Thomas sued his cousins, Gerald Bradley and Jerry Baldwin, incident to injuries he sustained when he fell from a ladder. To be precise, Thomas claimed, among other things, that Baldwin negligently caused a ladder to fall as Thomas descended from Bradley's roof. Bradley and Baldwin filed separate successful motions for summary judgment. Aggrieved, Thomas appeals and claims the Jackson County Circuit Court erred when it granted both motions for summary judgment. Finding no error, we affirm.

FACTS
¶ 2. As of April 2001, Baldwin lived with his cousin, Gerald Bradley, in Gautier, Mississippi. In exchange, Baldwin paid a portion of Bradley's utilities. Baldwin also helped around Bradley's house, though that was not necessarily in exchange for his being able to live with Bradley.
¶ 3. Bradley's roof was leaking, and it needed some repairs. Bradley and Baldwin's first cousin, Thomas, had prior roofing experience. Thomas agreed to help repair Bradley's leaking roof. However, Thomas actually was not going to repair the roof; instead, he agreed to identify Bradley's problems and show Baldwin how to repair it.
¶ 4. On the morning of April 19, 2001, Thomas and Baldwin met to look at Bradley's roof. Bradley was not present, but he had provided a twenty-foot extension ladder. Baldwin set the ladder up, and both Thomas and Baldwin ascended with no incident. According to Thomas, during their descent, Baldwin negligently caused the ladder to fall while Thomas was on it. *1023 Though there are no medical documents in the record, Thomas claimed he was in a coma for five weeks and sustained "hundreds of thousands of dollars" in medical expenses.

PROCEDURAL HISTORY
¶ 5. On November 11, 2002, Thomas sued Bradley, Baldwin, and ten unidentified individuals in the Jackson County Circuit Court. According to Thomas, he was Bradley's employee and agent at the time he was injured. Thomas also claimed that he was Baldwin's employee and agent. Additionally, Thomas claimed both Bradley and Baldwin "breached [their] duty to maintain safe working conditions and to provide safe work instrumentalities." Thomas further asserted that Baldwin negligently caused the ladder to fall. Thomas requested an unspecified amount of damages for past, present, and future medical expenses, lost wages, loss of wage earning capacity, pain and suffering, emotional distress, mental anguish, property damage, loss of enjoyment of life, and attorney's fees. Additionally, Thomas requested punitive damages.
¶ 6. Bradley responded and denied liability. At the same time, he propounded discovery to Thomas. Shortly afterwards, Baldwin denied liability and tendered his own discovery requests. On April 1, 2003, Thomas provided his discovery responses. When asked to detail his account of his fall, Thomas responded as follows:
I was contacted by Defendants who requested that I supervise a roofing job at the subject property. I went to the subject property on April 19, 2000. I was climbing the ladder that is owned by Defendants and which was placed against the house by Defendants, when the ladder kicked out from under me and I fell to the concrete slab.
Thomas stated that he was "completely disabled from the injuries [he] sustained as a result of this accident." He stated that his injuries included: "hip, coccyx, back, leg, arm, shoulder, hand, blind in right eye, losing hearing in right ear, have bad headaches, stomach is not right, and broken teeth." When asked to elaborate on the statement in his complaint: "While working on the ladder on the house owned by Defendant Bradley, Defendant Baldwin negligently caused the ladder on which he was climbing to slip and/or fall, causing severe injuries to Plaintiff," Thomas answered, "It is believed that the ladder was owned by Baldwin and positioned by Baldwin."
¶ 7. In interrogatory number twenty-four, Thomas was asked to describe what Bradley could have done to prevent his fall. Thomas responded:
This Defendant had a duty to maintain safe working conditions and to provide adequate and safe instrumentalities for the Plaintiff to accomplish his work. Among other things, Defendant could have provided a safer ladder, held or steadied the ladder, provided sufficient assistance through his own assistance or through providing additional workers, properly supervised the work, properly supervised the workers, adequately trained the workers, including Plaintiff, provided additional equipment to steady the subject ladder, properly inspected the equipment provided by Baldwin, not asked Plaintiff to assist him, positioned the ladder in a different place or position, provided alternative means to ascend to the roof, et cetera.
¶ 8. On October 10, 2003, counsel for Bradley took Thomas's deposition. Afterwards, Bradley and Baldwin filed separate motions for summary judgment. The circuit court heard both motions at the same time and granted both motions for summary judgment. The circuit court found that Thomas was an invitee at the time of his injury; therefore, Bradley owed Thomas *1024 the duty of reasonable care for his safety. The circuit court went on to find that there was no evidence of a dangerous or unsafe condition of the property and that Thomas "knew of no problems with the ladder he was ascending nor with the way it was placed against the home." The circuit court concluded that, due to a lack of evidence that Bradley breached his duty to Thomas, summary judgment was appropriate.
¶ 9. Incident to Thomas's general negligence claims, the circuit court found that Thomas admitted that there was no problem with the ladder or the way it was placed against the house. The circuit court further found that Thomas admitted that the ladder was safe to access the roof and that Thomas knew of nothing Bradley did to create an unsafe condition.
¶ 10. Additionally, the circuit court found that there was no employer/employee relationship between Thomas and Bradley or Thomas and Baldwin. The circuit court found that "[t]he situation here was nothing more than a relative helping fix the roof on another relative's house." The circuit court concluded that, even if there was a "master/servant" relationship between Thomas and either of the defendants, there was no difference between the duty owed to a servant and the duty owed to an invitee. Finally, the circuit court found that, even if Thomas was considered an independent contractor, neither Bradley nor Baldwin had a duty to protect Thomas from dangers intimately connected with the work he was performing at the time.
¶ 11. The circuit court ultimately held that "[e]ven with [Thomas's] set of facts, the Court can find no breach of duty by either [Bradley or Baldwin] in this case. [Thomas] has put forth several allegations against [Bradley and Baldwin], but at this point, in the face of a summary judgment motion, there are still just mere allegations with no concrete supporting facts." Accordingly, the circuit court granted both motions for summary judgment. Aggrieved, Thomas appeals.

STANDARD OF REVIEW
¶ 12. This Court conducts a de novo review of a circuit court's decision to grant a motion for summary judgment. Mantachie Natural Gas v. Mississippi Valley Gas Co., 594 So.2d 1170, 1172 (Miss. 1992). According to Rule 56 of the Mississippi Rules of Civil Procedure, a circuit court may grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "A fact is material if it `tends to resolve any of the issues, properly raised by the parties.'" Webb v. Jackson, 583 So.2d 946, 949 (Miss.1991) (quoting Mink v. Andrew Jackson Cas. Ins. Co., 537 So.2d 431, 433 (Miss.1988)).
¶ 13. The moving party bears the burden of showing that no genuine issue of material fact exists. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss. 1990). Like the circuit court, we must view the evidence in the light most favorable to the non-moving party. Russell v. Orr, 700 So.2d 619, 622(¶ 8) (Miss.1997). Furthermore, we are to consider a motion for summary judgment with a skeptical eye because it is preferred to err on the side of denying the motion. Ratliff v. Ratliff, 500 So.2d 981, 981 (Miss.1986).

ANALYSIS

I. WHETHER THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER BALDWIN WAS NEGLIGENT.
¶ 14. The circuit court found no genuine issue of material fact as to whether *1025 Baldwin negligently caused Thomas's fall and resulting injuries. Thomas claims the circuit court erred. After careful consideration, we must affirm the circuit court's decision.
¶ 15. To prevail at trial, Thomas would have to prove, by a preponderance of the evidence: Baldwin owed him a duty of care, Baldwin breached that duty; and that breach proximately caused Thomas's damages. Lyle v. Mladinich, 584 So.2d 397, 398-99 (Miss.1991). Be that as it may, in the context of a summary judgment, we must review the evidence for genuine issues of material fact. If there is a triable issue of fact regarding each of these elements, then we must reverse the circuit court's decision to grant summary judgment. Id. at 399.
¶ 16. Though Thomas argued that he was an invitee, it is clear that Thomas presented no genuine issue of material fact regarding a premises liability claim. That is, Thomas unequivocally and repeatedly stated that no condition of the premises caused his injuries. During his deposition, Thomas repeatedly stated that nothing was improper about the ladder, the way it was placed, or any other condition on Bradley's property. Instead, Thomas claimed that Baldwin negligently slipped, struck the ladder, and caused it to fall. Therefore, we do not need to resolve whether Thomas was an invitee, a licensee, or a trespasser. Under any of those accompanying possible standards of care, they would not eclipse Baldwin's general duty.
¶ 17. Broadly speaking, Baldwin owed Thomas a general duty to act as a reasonable prudent person would under the circumstances. Donald v. Amoco Prod. Co., 735 So.2d 161, 175(¶ 48) (Miss. 1999). Even under that general duty, Thomas failed to demonstrate a genuine issue of material fact that Baldwin breached that duty. Thomas only presented evidence that Baldwin slipped on the roof and caused the ladder to fall. Thomas never elaborated beyond that general conclusion. Thomas never claimed that Baldwin was behaving in any particularly negligent manner. There was no testimony that Baldwin was careless while he was on the roof or that he otherwise failed to act as a reasonably prudent person under the circumstances. Based on the current state of the record, Baldwin could have been behaving with all appropriate caution when he slipped on the roof. Thomas would have us find that, based on the simple fact that Baldwin slipped, Baldwin failed to act with due care. That is simply not borne out by the evidence.
¶ 18. Had Thomas presented evidence that Baldwin was under the influence of intoxicants or that Thomas had been carelessly trying to descend the ladder too quickly, or some other such proof, it is entirely possible that such evidence could be a sufficient demonstration of a genuine issue of material fact of a breach of duty. However, the generic allegation that Baldwin was negligent because he lost his footing on the pitched slope of a roof, without more, is not sufficient to demonstrate a genuine issue of material fact. "A mere allegation by the non-moving party that a dispute over whether a material fact exists will not defeat a movant's otherwise properly supported motion for summary judgment." Baldwin v. Holliman, 913 So.2d 400, 406(¶ 18) (Miss.Ct.App.2005). To find that Thomas has presented sufficient evidence to defeat summary judgment would be the equivalent of a finding that slipping on a roof is enough, in and of itself, to guarantee a trial.
¶ 19. Additionally, Thomas claimed that Bradley was vicariously liable for Baldwin's negligence. Having found that there *1026 is no genuine issue of material fact as to whether Baldwin was negligent, there is no need to consider whether Bradley was vicariously liable for Baldwin's actions. Therefore, we will not discuss that assertion.

II. WHETHER THE CIRCUIT COURT ERRED WHEN IT GRANTED BRADLEY'S MOTION FOR SUMMARY JUDGMENT.
¶ 20. Though Thomas concedes that his suit against Bradley is "not as strong" as his suit against Baldwin, Thomas still submits that there were genuine issues of material fact regarding whether Bradley was negligent in his duty as the owner of the premises and the general duty to provide reasonable care. We disagree. By Thomas's recollection, Bradley did nothing more than ask him to show Baldwin how to repair the roof. Bradley was not present when Thomas and Baldwin fell. Bradley merely provided the ladder, and Thomas admitted that there was nothing wrong with the ladder. Thomas also admitted that the ladder was a safe means to access Bradley's roof and that Baldwin correctly positioned the ladder. As with Baldwin, Thomas presented no genuine issue of material fact that Bradley breached any duty he owed to Thomas. Accordingly, we find no merit to this issue.

III. WHETHER THE CIRCUIT COURT ERRED WHEN IT FAILED TO APPLY THE DOCTRINE OF RES IPSA LOQUITUR.

¶ 21. Thomas would have us apply the doctrine of res ipsa loquitur. Res ipsa loquitur applies where a plaintiff demonstrates the following elements: "1) the instrumentality causing the damage must be under the exclusive control of the defendant, 2) the occurrence must be such as in the ordinary course of things would not happen if those in control of the instrumentality used proper care, and 3) the occurrence must not be due to any voluntary act on the part of the plaintiff." Coleman v. Rice, 706 So.2d 696, 698(¶ 10) (Miss.1997) (Citing Read v. S. Pine Elect. Power Ass'n, 515 So.2d 916, 919-20 (Miss. 1987)). "Where the elements of res ipsa loquitor are met, a rebuttable presumption of negligence is raised." Id. "Additionally, the requirement of `exclusive control' of the damaging instrumentality does not limit res ipsa loquitor to a single defendant; the doctrine may be applicable where authority is shared concerning the instrumentality in question." Id.
¶ 22. Thomas contends:
In this case, the undisputed testimony creates an inference of negligence under any version of the facts alleged. If the court believes Baldwin, he was indisputably in control of the ladder when it was set up. Alternatively, if Thomas's version is credited, there is no doubt that Baldwin alone was responsible for his footing on the roof, and ultimately, for the stability of the ladder he erected.
Once again, Thomas repeatedly stated that there was nothing negligent regarding the manner in which the ladder was set up. During Thomas's deposition, counsel for Bradley asked Thomas, "Did you have any concern for the way Mr. Baldwin put the ladder there on the side?" Thomas answered, "No. He had it up right. He had it up right." Thomas would have us apply res ipsa loquitor with no more proof save that Baldwin slipped. We are not prepared to find that one who slips and falls on a roof would never do so but for a lack of reasonable care. Here, Res ipsa loquitur simply does not apply. This issue is wholly without merit.
¶ 23. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT *1027 IN FAVOR OF THE APPELLEES IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.