NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-2810

_____

DARRYL CLARK

v.

DARDEN RESTAURANTS, INC.,
Trading as RED LOBSTER;
RED LOBSTER, INC., a subsidiary of Darden Restaurants, Inc.;
JOHN DOES, INC. 1-5, Fictitious Names;
JANE DOES 1-5, Fictitious Names; GMRI, INC.

Darden Restaurants, Inc., trading as Red Lobster;
Red Lobster, Inc. a subsidiary of Darden Restaurants, Inc.,

Appellants

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-11-cv-01056)
Magistrate Judge: Honorable Douglas E. Arpert
District Judge: Honorable Freda L. Wolfson

_____

Submitted Under Third Circuit LAR 34.1(a)
April 13, 2015

Before: AMBRO, VANASKIE, and SHWARTZ, Circuit Judges

(Opinion filed : May 27, 2015)

————————

OPINION[*]

————————

AMBRO, Circuit Judge

"Sea food differently" Red Lobster advertises in its play on words. Appellee

Darryl Clark forever will. He was dining with a friend at the Lawrenceville, New Jersey

Red Lobster when, during the course of their meal, a server dropped a plate on their

table—causing the plate to shatter. Pieces of the plate punctured Clark's eyes. The

physician who later operated on his eyes opined that a "glass foreign body" had damaged

his corneas. Clark sued Red Lobster for negligence.[1]

The evidence against the restaurant was damning. The server who dropped the

plate admitted that it "felt a little slippery" and "a little greasy," and that he didn't handle

it properly. With the evidence largely on his side, Clark moved for summary judgment

(on liability only), invoking the familiar tort doctrine of *res ipsa loquitur* ("the thing

speaks for itself") reserved for cases where a factfinder can infer negligence from the

incident itself.

Not unexpectedly, the District Court granted Clark's motion. In doing so, it

rejected outright Red Lobster's suggestion, unsupported by evidence, that the dropped

plate was "only an accident." The Court thought it "significantly more probable than

not" that the server's mishap was a result of not exercising the appropriate level of care.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The named defendant is Darden Restaurants, Inc.; Red Lobster is a subsidiary of Darden. We call the defendant/Appellant Red Lobster for ease of reference.

*See Clark v. Darden Restaurants, Inc.*, No. 11-1056, 2013 WL 104052, at \*4 (D. N.J. Jan. 8, 2013). Thus, in light of the "unrebutted, competent evidence that the accident resulted solely from [the server's] conduct," *id.*, it concluded that Red Lobster breached the duty it owed to Clark and was liable for the injuries he sustained on its premises. *Id.* The Court also suggested that Clark "demonstrated that there is an absence of genuine dispute to the claim that the broken plate caused [Clark's] eye injuries." *Id.* at \*5.

The extent of damages was the sole issue left for trial. The jury returned a $337,017 verdict in favor of Clark. Red Lobster appeals both the District Court's grant of summary judgment and a number of perceived mishaps at trial.[2] It takes issue with: (1) the Court's application of *res ipsa loquitur*; (2) its jury charge on the issue of damages; and (3) its (purported) decision to allow Clark to introduce evidence of his outstanding student loan debt as a measure of recoverable damages. Addressing each argument in turn, we find none persuasive.

Under the doctrine of *res ipsa loquitur*, a jury may infer that the defendant is liable for negligence where (1) the incident at issue ordinarily shows negligence, (2) the cause of the plaintiff's injury was within the defendant's exclusive control, and (3) there is no indication that the plaintiff was at fault for his injuries. *See Bornstein v. Metro. Bottling Co.*, 139 A.2d 404, 408 (N.J. 1958). Red Lobster concedes that the latter two elements are satisfied, but contends that Clark offered "no evidence" that the incident in question—a dropped plate on a customer's table—"bespeak[s] negligence." Red Lobster

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. As did the District Court, we apply New Jersey law.

3

Br. 10–11 . In its view, an incident connotes negligence only where the plaintiff offers evidence that the injuries incurred couldn't have occurred *without* negligence. *See id.* at 10 (arguing that Clark needed to, but didn't, "put forth evidence that a plate cannot slip from a server's hand without negligence"). And because Clark didn't offer any evidence to that effect, the District Court erred in invoking the doctrine.

Red Lobster's argument might have some force were its initial premise correct— that an incident "ordinarily bespeaks [] negligence" only where it *couldn't* have occurred absent negligence. But the premise fails. An incident ordinarily appears negligent where the probabilities fall in favor of negligence such that an inference of it is appropriate. *See Myrlak v. Port Auth. of N.Y. & N.J.*, 723 A.2d 45, 51 (N.J. 1999) ("*res ipsa* is available if it is more probable than not that the defendant has been negligent") (citation omitted). Here the probabilities clearly do, as no reasonable, similarly situated server should have handled the plate as the server did here. *See Clark*, 2013 WL 104052, at *4 (highlighting the server's testimony that "the plate felt 'a little slippery' and 'a little greasy'"; that the server "had only dropped objects less than ten times in his five years of experience"; and that "he had never dropped a plate on a table or ever seen another server drop something on a patron's table").

Failing that, Red Lobster offers a second reason to reverse: that the District Court misapprehended the effect of holding that the three-pronged *res ipsa loquitur* test had been satisfied. *See* Red Lobster Br. 11 (arguing that the District Court incorrectly held that the application of the doctrine of *res ipsa loquitur* established Red Lobster's "negligence as a matter of law"). According to Red Lobster, the doctrine merely

4

"permits an inference of negligence to be made by a jury that can satisfy a plaintiff's burden of proof and enable [him or her] to survive a motion to dismiss at the close of [his or her] case." *Id.* It does not require the more aggressive measure of taking the issue of negligence away from the jury.

Although Red Lobster's statement of the law is correct, it paints but a partial picture. It neglects to mention that, to survive a motion for summary judgment, a defendant must produce evidence to rebut an inference of negligence—which Red Lobster did not do here. Red Lobster's only rejoinder to the evidence Clark presented was that the server could have *accidentally* rather than *negligently* dropped the plate. But it is axiomatic that the "mere denial of negligence, in the face of a plaintiff's prima face case," *Mangual v. Berezinsky*, 53 A.2d 664, 672 (N.J. Super 2012), cannot defeat a summary judgment motion—especially where, as here, Clark "put forth ample uncontroverted evidence demonstrating that [he] sustained injuries because of [the server's] breach of the duty of care," *Clark*, 2013 WL 104052, at *5.[3]

---

[3] Red Lobster also argues that the Court inappropriately took the issue of proximate causation away from the jury. That is incorrect. Although the Court suggested that the dropped plate caused Clark's injuries, it reserved the question of damages for the jury. *See Clark*, 2013 WL 104052, at *6. And, indeed, the jury was explicitly charged on causation:

> While you do not have to consider whether the Defendant was negligent in this case, that's already been decided, you do have to decide whether the Defendant's negligence was the proximate cause of the Plaintiff's injuries and the medical treatment he received before you can find that the restaurant was responsible for the damages claimed by Mr. Clark.

J.A. 183a.

We next address the arguments Red Lobster raises regarding the Court's instruction to the jury on the issue of damages and that Clark was allowed to introduce evidence regarding his unpaid student loans. As to the former, Red Lobster argues that the Court's "jury charge regarding damages had the capacity to unfairly influence the jury." Red Lobster Br. 14. Specifically, it says that the following passage of the charge was "highly prejudicial" because this "removed the issue of proximate cause as to damages from the per view [*sic*] of the jury," *id.*:

> As you know, I've said it couple of times, you do not have to decide issues of liability or fault. Your consideration only involves a determination of the amount of damages to be awarded to Mr. Clark.

J.A. 184a.

Because Red Lobster didn't object to the jury charge, we review for plain error. That means we "reverse only if the trial court committed error that was fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance, and the refusal to consider the issue would result in a miscarriage of justice." *Alexander v. Riga*, 208 F.3d 419, 426 (3d Cir. 2000) (citations omitted).

That was far from the case here. As noted above, the Court specifically instructed the jury on proximate causation. That it stated the jury's job was only to determine the amount of damages to award Clark doesn't make it any less true. As Clark appropriately responds, "the 'amount of damages to be awarded' could have been zero dollars or it could have been a million dollars— the Court never suggested one way or the other." Clark Br. 48. Furthermore,

6

the portion of the jury charge cited by Red Lobster was immediately followed by the Court's clarification that "the fact that I gave you these instructions on damages should not be considered as suggesting any view of mine about the issues of proximate cause or the amount of damages." J.A. 185a.[4]

Red Lobster's last argument is that Clark was improperly permitted to present "unsubstantiated" evidence of outstanding student loan debt as a measure of recoverable damages. Red Lobster Br. 16. That is, at trial counsel to Clark told the jury that, as a result of his eye injuries, he was unable to find meaningful employment to repay the $27,000 in student loans he incurred and was thus unable to return to college. Clark testified that, when he tried to return to school, he was not allowed to enroll in any classes because of his outstanding debt. Concerned that the jury would consider the $27,000 unpaid debt as damages, Red Lobster asked the Court for an instruction that the sum was not an element of damages. The Court's decision not to do so, per Red Lobster, was an abuse of its discretion.

We disagree. Putting aside whether Red Lobster even objected to Clark's testimony about his student loan debt, the District Court's reluctance to instruct

---

[4] Red Lobster not only failed to object to the jury instructions it now challenges, it in fact provided them. Indeed, the very damages-related language it cites as prejudicial comes from its own proposed charge. *Compare* J.A. 184a (damages jury instruction read by the District Court) *with* Supp. App. 13 (Red Lobster's proposed damages jury instruction). Absent extraordinary circumstances, this alone could provide a basis to reject Red Lobster's objection. *See Lesende v. Borrero*, 752 F.3d 324, 336 (3d Cir. 2014) (observing that reversal for an erroneous jury instruction "should be exercised sparingly and should only be invoked with extreme caution in the civil context")

the jury as Red Lobster requested was far from reversible error, much less an abuse of discretion. For starters (and as Clark argues), any mention of the loans was only in connection with the "impediment that they represented to his return to school," and it is beyond dispute that "[t]he manner in which an injury affects an individual's life is proper testimony for trial." Clark Br. 52. Second, the District Court never instructed the jury that the $27,000 debt should be considered as a measure of damages. Indeed, in instructing the jury on damages the Court made no mention of Clark's educational pursuits. In this context, and because we generally presume that the jury will follow a court's instructions, *see Penry v. Johnson*, 532 U.S. 782, 799 (2001), we can only conclude that the District Court did not err, much less abuse its discretion, in rebuffing Red Lobster's request to strike evidence regarding Clark's student loans.

* * * * *

For these reasons, we affirm.