NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4082
_____

FRANK CHAPMAN,
                                    Appellant

v.

JERRY CHAON;
TEREX CORPORATION

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-00885)
District Judge: Honorable Richard P. Conaboy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2015

Before: RENDELL, HARDIMAN, and VANASKIE, *Circuit Judges*

(Filed:  August 13, 2015)
_____

OPINION[*]
_____

VANASKIE, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This personal injury suit turns on whether Appellant Frank Chapman, who suffered injuries in a workplace accident when an employee of Appellee Terex Corporation fell from a high ladder onto him, may rely on the doctrine of res ipsa loquitur to permit a jury finding in his favor on the issue of negligence. The District Court granted summary judgment in favor of Terex. Because we agree that Chapman was not entitled to rely on res ipsa loquitur on these facts, we will affirm.

I.

Since 1994, Chapman has been employed as an operating engineer for Fahs Construction. In April 2011, Chapman was assigned to a bridge-repair jobsite in Tunkhannock, Pennsylvania. Among the construction equipment at the site was a Bid-Well 3600 Automatic Roller Paver, which Fahs Construction had recently purchased from Terex. To access the control console of the Paver, the operator must climb a ladder, between eight and nine feet in height, mounted on the side of the Paver. On April 11, 2011, Terex sent Jerry Chaon, a service engineer, to the jobsite to train Fahs Construction's employees on the use of the Paver.[1]

During Chaon's tutorial, Chapman inquired whether the Paver had a specific kind of auxiliary power hookup. Chaon recalled that the control panel in the operator's compartment had such a hookup, but to confirm that, he decided to ascend the Paver's ladder and personally check. Chapman, who had planned to follow Chaon up into the

---

[1] Chaon was initially named as a defendant in this lawsuit, but was dismissed by stipulation in April 2014.

operator's compartment, waited at the bottom of the ladder for Chaon to complete his climb. As Chaon approached the top rung of the ladder, however, he lost his grip and fell. Chaon landed on Chapman, who suffered a back injury that caused him to miss several months of work.

The record is devoid of evidence as to what caused Chaon to fall. It is undisputed that Chaon had no grease or oil on his hands; that he was in good physical health and had not felt dizzy or faint that day; and that the ladder itself was stable, securely attached to the Paver, and not defective in any apparent way. Chaon's own description of the fall was as follows:

> My hands slipped off of—as I remember it, you know, as I was climbing up there getting ready to reach for the next [rung], my hand came off from there. I'm sitting with both hands in the air and my fanny taking me the other direction.

App. 84.

In April 2013, Chapman filed a complaint in the Middle District of Pennsylvania in which he alleged that the negligence of Terex and Chaon, its employee, had caused him to suffer in excess of $75,000 in damages.[2] In June 2014, Terex filed a motion for summary judgment. In a Memorandum and Order filed September 9, 2014, the District Court granted Terex's motion. Chapman timely appealed.

---

[2] Chapman is a resident of Pennsylvania. Terex is incorporated in Delaware and its principal place of business is Connecticut. Chaon is a resident of South Dakota. Because this case arises under diversity jurisdiction, we will apply the substantive law of the forum state, Pennsylvania. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

3

II.

The District Court had jurisdiction under 28 U.S.C. § 1332(a). We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order granting summary judgment is plenary. *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.*, 735 F.3d 131, 134 (3d Cir. 2013). We view the evidence "'in the light most favorable to the nonmoving party.'" *Id.* at 134–35 (quoting *Kurns v. A.W. Chesterton Inc.*, 620 F.3d 392, 395 (3d Cir. 2010)). Summary judgment is appropriate where the movant establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III.

To succeed on a cause of action based on negligence under Pennsylvania law, "the plaintiff must show that the defendant had a duty to conform to a certain standard of conduct; that the defendant breached that duty; that such breach caused the injury in question; and actual loss or damage." *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1008 (Pa. 2003) (internal quotation marks omitted). Res ipsa loquitur "is a rule that provides that a plaintiff may satisfy his burden of producing evidence of a defendant's negligence by proving that he has been injured by a casualty of a sort that normally would not have occurred in the absence of the defendant's negligence." *Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1071 (Pa. 2006). Pennsylvania has adopted § 328D of the Restatement (Second) of Torts, *see id.*, which states that the doctrine applies when:

4

(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Restatement (Second) of Torts § 328D(1).

To satisfy the first prong—which is the focal point of the case before us—the plaintiff "must produce evidence which would permit the conclusion that it was more probable than not the injuries were caused by [the defendant's] negligence." *Micciche v. E. Elevator Co.*, 645 A.2d 278, 281 (Pa. Super. Ct. 1994). This is consistent with the general rule in Pennsylvania, which is that "the mere happening of an accident or an injury does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence." *Amon v. Shemaka*, 214 A.2d 238, 239 (Pa. 1965).

Here, the District Court concluded that a reasonable jury could not find, based on the fact of the fall alone, that it was more likely than not that Chaon or Terex acted negligently. Although we are aware of no Pennsylvania cases directly on point, we agree with the District Court's assessment. Courts across the country have concluded, on similar facts, that a fall or misstep, without more, is not sufficient to warrant an inference of negligence under res ipsa loquitur. A Massachusetts state court aptly described the principle as follows:

5

> A person's fall down a flight of stairs, or any fall, is a familiar phenomenon in human experience attributable to losing one's balance, tripping or a myriad of other common causes not involving tortious conduct. Such occurrence is dissimilar to the events in the res ipsa loquitur cases cited by the plaintiff which involve the unexplained fall of objects or material debris.

*Aceto v. Legg*, 1990 Mass. App. Div. 191, at \*2 (Mass. Dist. Ct. 1990). *See also Smith v. City of N.Y.*, 936 N.Y.S.2d 178, 179 (N.Y. App. Div. 2012) (finding res ipsa loquitur inapplicable "because it is not uncommon for trips and falls to occur without negligence where there is a misstep or loss of balance"); *Thomas v. Bradley*, 987 So.2d 1020, 1026 (Miss. Ct. App. 2008) ("[The plaintiff] would have us apply res ipsa loquitor [sic] with no more proof save that [the defendant] slipped. We are not prepared to find that one who slips and falls on a roof would never do so but for a lack of reasonable care."); *Cie. Des. Messageries Maritimes v. Tawes*, 205 F.2d 5, 8 (5th Cir. 1953) (finding res ipsa loquitur inapplicable after plaintiff fell from ladder because "the cause of the accident and the relation of the appellant to it were matters of mere speculation and conjecture").[3]

The commentary to the Restatement, too, illustrates the same point:

> There are many types of accidents which commonly occur without the fault of anyone. The fact that a tire blows out, or that a man falls down stairs is not, in the absence of anything

---

[3] These cases stand in stark contrast to those in which Pennsylvania courts have permitted an inference of negligence. *See, e.g.*, *Quinby*, 907 A.2d at 1072–73 (plaintiff entitled to inference where quadriplegic patient fell from examination table to floor, and could not have done so of his own volition); *D'Ardenne v. Strawbridge & Clothier, Inc.*, 712 A.2d 318, 325 (Pa. Super. Ct. 1998) (plaintiff entitled to inference where foot became stuck in escalator); *Gilbert v. Korvette, Inc.*, 327 A.2d 94, 102–03 (Pa. 1974) (same).

> more, enough to permit the conclusion that there was negligence in inspecting the tire, or in the construction of the stairs, because it is common human experience that such events all too frequently occur without such negligence.

Restatement (Second) of Torts § 328D cmt. c.

Chapman directs us to two other cases, *Clark v. Darden Restaurants, Inc.*, No. 14-2810, 2015 WL 3396807 (3d Cir. May 27, 2015), and *Johnson v. United States*, 333 U.S. 46 (1948). Both are distinguishable. In *Clark,* a waiter dropped a "slippery" and "greasy" plate onto a customer's table, causing an eye injury, 2015 WL 3396807, at *1, while in *Johnson*, a seaman dropped a heavy block onto the head of a shipmate. Both cases involved accidents that were extremely unlikely to have occurred with the exercise of reasonable care. *See Clark*, 2015 WL 3396807, at *2 ("[N]o reasonable, similarly situated server should have handled the plate as the server did here."); *Johnson*, 333 U.S. at 50 ("[H]uman experience tells us that careful men do not customarily do such an act."). Here, by contrast, Chaon fell from a ladder in a manner equally as attributable to fluke happenstance as to carelessness. The District Court was correct to conclude that there is simply no basis on which a jury might infer that the accident was caused by one as opposed to the other.

Because we agree that Chapman has not come forward with evidence that would permit a jury to find in his favor on the issue of negligence, and because the jury would not be permitted to make such a finding on the basis of res ipsa loquitur, we will affirm the District Court's grant of summary judgment on Count One of the Complaint.

7

IV.

For the foregoing reasons, we will affirm the District Court's judgment of September 9, 2014.